■ LAURA L. GUSTIN, an Infant, by KEITH A. GUSTIN, Individually and as Her Father, Respondent, v ASSOCIATION OF CAMPS FARTHEST OUT, INC., et al., Appellants. (Action No. 1.) LAURA L. GUSTIN, an Infant, by KEITH A. GUSTIN, Individually and as Her Father, Respondent, v FINGER LAKES CAMP FARTHEST OUT, Also Known as ASSOCIATION OF CAMPS FARTHEST OUT, INC., et al., Appellants. (Action No. 2.) [700 NYS2d 327] —Order unanimously reversed on the law without costs, motions granted and complaints dismissed. Memorandum: Plaintiffs commenced these actions alleging that plaintiff Laura L. Gustin, who was injured when she stepped off a ladder affixed to a 30-foot water tower and fell approximately 25 feet to the ground. Laura was attending a summer camp organized by defendant Finger Lakes Camp Farthest Out (CFO) and located on an approximately 600-acre campground owned by defendant Western New York Conference of the United Methodist Church (UMC). CFO organized a campfire late one evening. Laura, then 12 years old, sought and received permission to leave the campfire to find sticks for roasting marshmallows. Laura instead, without permission, went with three other campers to a tower located a short distance from the campfire, but not visible from it. There was no hiking trail leading from the campfire to the tower, and they walked along a seldom used dirt road to reach the tower. Although Laura had been at the campground before, she had not known of the tower's existence.

Laura and the three other campers used the ladder affixed to the side of the tower to climb to the top, where they remained for approximately 10 minutes. They decided to climb down and return to the cabins when their midnight curfew approached. One of the other campers descended the ladder first, followed by Laura. When that camper stopped momentarily after descending less than five feet, Laura asked him if he had reached the bottom. Although he responded in the negative, Laura could not understand him because he had a flashlight in his mouth. Thinking that he had said yes, Laura stepped off the side of the ladder and fell approximately 25 feet to the ground, sustaining injuries.

Plaintiffs allege that defendants were negligent in failing to warn of the danger of climbing the tower, failing to erect a fence or some other barrier around the tower, and failing to

provide proper supervision for Laura. Supreme Court denied defendants' motions for summary judgment dismissing the complaints. We reverse.

"[A] landowner or occupier of land owes a duty to persons coming upon his or her land 'to keep it in a reasonably safe condition, considering all the circumstances, including the purpose of the person's presence on the land and the likelihood of injury'" (*Duclos v County of Monroe,* 258 AD2d 925, 926, quoting *Christmann v Murphy,* 226 AD2d 1069, 1070, *lv denied* 89 NY2d 801). The landowner or occupier of land has no duty, however, "'to warn against a condition that can readily be observed by those employing the reasonable use of their senses'" (*Duclos v County of Monroe, supra,* at 926, quoting *Tarricone v State of New York,* 175 AD2d 308, 309, *lv denied* 78 NY2d 862). Laura testified at her deposition that she was aware of the danger of climbing a 30-foot tower at night and was concerned about her safety. While at the top of the tower, she asked her fellow campers, "could you imagine if someone fell off this thing?" The danger of climbing a 30-foot tower at night is obvious, and, moreover, Laura was expressly aware of the danger. Defendants therefore had no duty to warn her of the danger (*see, Babcock v County of Oswego,* 169 Misc 2d 605, 608-609, *affd* 247 AD2d 843, *lv denied* 92 NY2d 802; *see also, Breem v Long Is. Light. Co.,* 256 AD2d 294, 295, *lv denied* 93 NY2d 802; *Koppel v Hebrew Academy,* 191 AD2d 415, 416, *lv denied* 82 NY2d 652).

We further conclude that defendants had no duty to enclose the tower with a fence or other barricade. "Foreseeability of injury is a limitation upon, and defines the scope of duty" (*Babcock v County of Oswego, supra,* at 609). Defendants established that Laura's action in climbing the water tower was not foreseeable. The Executive Director of the campground was aware of the tower's existence, but he was not aware of anyone climbing it. The tower was not accessible by any hiking trails on the property, and there were no scheduled camp activities near it. There was no evidence that any CFO officer was aware of the tower's existence until the day of the accident. Under those circumstances, defendants' duty to maintain the property in a reasonably safe condition did not extend to protecting Laura from her injuries (*see, Babcock v County of Oswego, supra,* at 609-610).

We also conclude that CFO provided Laura with proper supervision. The standard of care for persons having children entrusted to their care in this summer camp setting is that of a reasonably prudent parent (*see, Kosok v Young Men's Christian*

*Assn.,* 24 AD2d 113, 115, *affd* 19 NY2d 935). In such a setting, constant supervision is neither feasible nor desirable because "[o]ne of the benefits of such an institution is to inculcate self-reliance in the campers which an overly protective supervision would destroy" (*Kosok v Young Men's Christian Assn., supra,* at 115). Although CFO had supervisors at the campfire, Laura told them that she was leaving to look for sticks in the woods; she did not tell them that she was going to climb the tower. Nor is UMC liable for negligent supervision; it had no control over the day-to-day activities of the children attending the camp (*see, Pitkewicz v Boy Scouts,* 261 AD2d 462).

Even assuming, arguendo, that defendants were negligent, we conclude that the reckless conduct of Laura was the sole proximate cause of her injuries (*see, Duclos v County of Monroe, supra; Babcock v County of Oswego, supra,* at 610-611; *de Peña v New York City Tr. Auth.,* 236 AD2d 209, 210, *lv denied* 90 NY2d 808; *Tillmon v New York City Hous. Auth.,* 203 AD2d 19; *Culkin v Parks & Recreation Dept.,* 168 AD2d 912, 913-914, *lv denied* 77 NY2d 806). Laura knew the dangers inherent in climbing the tower and ignored those dangers. Thus, her reckless conduct "was an unforeseeable, superseding event sufficient to absolve defendants of liability" (*Culkin v Parks & Recreation Dept., supra,* at 914). (Appeals from Order of Supreme Court, Steuben County, Furfure, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner and Pigott, Jr., JJ.