*167
 
 OPINION OF THE COURT
 

 Rosenblatt, J.
 

 Plaintiff was injured when he climbed a tree on defendant’s property and touched an electric transmission wire suspended through the tree. For reasons that follow, we conclude that his action against defendant must fail.
 

 Defendant Donna Jakob owned property with a one-family house in the Town of Reading, Schuyler County. The rear 10 feet of the backyard was subject to an easement that co-defendant New York State Electric and Gas Co. (NYSEG) acquired in 1945. NYSEG maintains utility poles and uninsulated, overhead electric wires running approximately 25 feet above the ground. Two wires run through a single pine tree growing in defendant’s yard. The easement agreement authorized NYSEG to maintain the easement by trimming the tree. In 1996, Jakob leased the property to a tenant, but did not inform the tenant that electric wires passed through the tree. Shortly after taking possession of the property, the tenant invited plaintiff, then 16 years old, to a midday barbeque, during which plaintiff climbed the tree to a height above the wires. Plaintiff touched a wire and fell approximately 25 feet to the ground, suffering burns and other injuries, for which he sued Jakob and NYSEG. Jakob moved for summary judgment. Supreme Court denied Jakob’s motion, finding triable issues of fact. Jakob appealed.
 

 A divided Appellate Division modified and dismissed the complaint as to Jakob (275 AD2d 573). The majority held that even if the wires passing through the tree constituted a dangerous condition in NYSEG’s easement, NYSEG’s exclusive control of the easement absolved Jakob, as servient owner, of liability for injuries caused by that condition. The dissent took the posi
 
 *168
 
 tion that even if NYSEG’s easement absolved Jakob of the duty to address any dangers posed by NYSEG’s use of the easement, Jakob still had a duty to protect the safety of visitors on the property.
 

 Plaintiff appealed to this Court as of right pursuant to CPLR 5601 (a), and we now affirm. Our analysis, however, is slightly different from that of the Appellate Division majority.
 

 We begin with the rule articulated in
 
 Basso v Miller
 
 (40 NY2d 233, 241 [1976]). There, abolishing the distinctions among trespassers, licensees and invitees, we held that New York landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition.
 
 [1]
 
 Although a jury determines whether and to what extent a particular duty was breached, it is for the court first to determine whether any duty exists, taking into consideration the reasonable expectations of the parties and society generally. The scope of any such duty of care varies with the foreseeability of the possible harm.
 
 [2]
 

 Plaintiff argues that under
 
 Basso,
 
 defendant landlord had a duty to remedy the assertedly dangerous condition or to warn of it. We conclude that plaintiff cannot prevail under either theory.
 

 As to landlord’s alleged duty to remedy, we must examine plaintiff’s assertions in light of the landlord’s status as a servient owner. Ordinarily, a servient owner has no duty to maintain an easement to which its property is subject. Indeed, a servient owner has a “passive” duty to
 
 refrain
 
 from interfering with the rights of the dominant owner.
 
 [3]
 
 In our case, maintenance and repair of NYSEG’s easement required special expertise to be carried out by trained professionals using equipment while working with tree limbs and electric wires high off the ground. Even in the present summary judgment posture, it is clear that Jakob was neither equipped nor empowered to undertake such efforts, considering the dangers of dealing with
 
 *169
 
 power lines and the importance of those lines in delivering electricity.
 

 Plaintiff cites several cases to suggest that servient owners may have shared maintenance responsibilities with dominant owners
 
 (see, Raksin v Crown-Kingston Realty Assocs.,
 
 254 AD2d 472,
 
 lv denied
 
 94 NY2d 751 [1999];
 
 Green v Mann,
 
 237 AD2d 566;
 
 Cesario v Chiapparine,
 
 21 AD2d 272;
 
 Sutera v Go Jokir, Inc.,
 
 86 F3d 298 [2d Cir 1996]). Without approving or disapproving their holdings, we note that these cases involve ground-level passageways whose maintenance involves no unusual hazards or special expertise. Operating a chainsaw in the top branches of a tree, near uninsulated electric wires, is a very different kind of maintenance from using a shovel to free a driveway of snow and ice. Moreover, we have no basis to conclude that the wires would have been any more visible than they were, had more limbs been trimmed. Accordingly, any “remedial” steps Jakob might have taken in connection with the wires would have been implausible or disruptive of NYSEG’s easement.
 

 We turn next to plaintiffs argument as to landlord’s failure to warn the tenant of the danger presented by the wires. We have long held that a landowner has no duty to warn of an open and obvious danger.
 
 [4]
 
 5By contrast, a latent hazard may give rise to a duty to protect entrants from that danger.
 
 [5]
 
 While the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question
 
 (see, Liriano v Hobart Corp.,
 
 92 NY2d 232, 242 [1998];
 
 Bolm v Triumph Corp.,
 
 33 NY2d 151, 159-160 [1973]), a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion
 
 (see, Liriano, supra,
 
 at 242), and may do so on the basis of clear and undisputed evidence
 
 (see, Tushaj v City of New York,
 
 258 AD2d 283,
 
 lv denied
 
 93 NY2d 818 [1999];
 
 Paone v County of Suffolk,
 
 251 AD2d 563, 564;
 
 Russell v Archer Bldg. Ctrs.,
 
 219 AD2d 772).
 

 The case before us presents precisely that situation. The photograph of the tree and wires taken from the backyard— stipulated by plaintiff at argument to be an accurate portrayal
 
 *170
 
 of the scene at the time of the accident — shows two electric wires running above the ground, entering the property, passing into the tree, leaving the tree, and then exiting the property. Any observer reasonably using his or her senses would see the wires and the tree through which the wires passed. It is unimaginable that an observer could see the wires entering and leaving the tree and not know that the wires passed through it. In short, there is nothing that Jakob knew or should have known that was not readily obvious to the tenant. We conclude that, as a matter of law, Jakob had no reason to expect that the tenant would not observe the hazard or any conceivable risk associated with it. We therefore hold that Jakob had no duty to warn the tenant of that hazard.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Graffeo concur.
 

 Order affirmed, with costs.
 

 [1]
 

 .
 
 See, e.g., D’Amico v Christie
 
 (71 NY2d 76, 85 [1987]);
 
 Kush v City of Buffalo
 
 (59 NY2d 26, 29 [1983]);
 
 Quinlan v Cecchini
 
 (41 NY2d 686, 687 [1977]);
 
 see also,
 
 1 Dobbs, Torts § 237, at 615 (West 2001).
 

 [2]
 

 .
 
 See, e.g., Kriz v Schum (75
 
 NY2d 25, 34-35 [1989]);
 
 Sega v State of New York
 
 (60 NY2d 183, 192 [1983]);
 
 Basso
 
 (40 NY2d, at 241,
 
 supra); Palsgraf v Long Is. R. R. Co.
 
 (248 NY 339, 344 [1928] [“(t)he risk reasonably to be perceived defines the duty to be obeyed”]).
 

 [3]
 

 .
 
 See, Greenfarb v R. S. K. Realty Corp.
 
 (256 NY 130, 134 [1931],
 
 rearg denied
 
 256 NY 678);
 
 see also, 5
 
 Warren’s Weed, New York Real Property, Easements, § 15.04 (2) (b).
 

 [4]
 

 .
 
 See, e.g., Cimino v Town of Hempstead
 
 (66 NY2d 709 [1985],
 
 affg without opn
 
 110 AD2d 805);
 
 Garthe v Ruppert
 
 (264 NY 290, 295 [1934]).
 

 [5]
 

 .
 
 See, e.g., Quinlan
 
 (41 NY2d, at 689,
 
 supra); Basso
 
 (40 NY2d, at 239,
 
 supra); see also, Tarricone v State of New York
 
 (175 AD2d 308, 309,
 
 lv denied
 
 78 NY2d 862 [1991]);
 
 Cruz v American Export Lines
 
 (106 AD2d 6, 9,
 
 revd on other grounds
 
 67 NY2d 1 [1986],
 
 cert denied sub nom. Bussanich v United States Lines,
 
 476 US 1170).