(April 8, 2004)

■ LORETTA JUONIENE, Appellant, v H.R.H. CONSTRUCTION CORP. et al., Respondents. [774 NYS2d 525]—

Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about December 20, 2002, which granted defendants' motion for summary judgment and dismissed the complaint, unanimously reversed, on the law, without costs, defendants' motion denied and the complaint reinstated.

Plaintiff sustained personal injuries on September 14, 2000 when she struck her forehead against a standpipe, which extended horizontally from a building under construction near East 39th Street in Manhattan. Defendant H.R.H. Construction Corp. was the construction contractor at the site and defendant Related Properties is the owner of the building.

Plaintiff testified at her deposition that she turned the corner at East 39th Street and Tunnel Street, and began walking toward the Midtown Tunnel. Because the glare from the afternoon

sun was "very strong in [her] eyes," she looked down or shaded her eyes while maintaining her fast walking pace. Moments later, her forehead struck the four-inch-wide standpipe which protruded outward from the building and over the sidewalk, at approximately eye level.

Plaintiff further testified that she was familiar with the street and the ongoing construction, but that on the date of the accident, there appeared to be fewer construction vehicles and less activity in the area and she saw no warning signs or traffic cones. However, in photographs taken by plaintiff the next day, a single warning sign and traffic cone were visible in the immediate area. The H.R.H. superintendent working at the site testified that he could not recall whether any warning signs were posted on the date of the accident.

Defendants moved for summary judgment, arguing that the horizontal standpipe constituted an open and obvious hazard that plaintiff should have seen, and been able to avoid, by the reasonable use of her senses. Supreme Court granted the motion, finding that the photographs showed that the pipe was "plainly visible" and that plaintiff's deposition testimony showed that she walked into the pipe because of her "inattention" and "hurrying," as opposed to defendant's negligence. We reverse.

"If a hazard or dangerous condition is open and obvious, the owner of the property has no duty to *warn* a visitor of the danger" (*Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 71 [2004], citing *Tagle v Jakob*, 97 NY2d 165 [2001]). However, the question of whether a condition is open and obvious is generally a jury question, and a court should only determine that a risk was open and obvious as a matter of law when the established facts compel such a conclusion (*Tagle v Jakob*, 97 NY2d at 169; *Westbrook v WR Activities-Cabrera Mkts., supra*). Such would be the case where the hazard or dangerous condition was of such a nature that it could not have been reasonably overlooked by a person with the ordinary use of their senses (*Westbrook v WR Activities-Cabrera Mkts., supra; see also Tagle v Jakob*, 97 NY2d at 170).

Here, the facts do not compel the conclusion that the standpipe was an open and obvious condition that could not reasonably be overlooked. Although the photographs submitted show that the pipe was visible, it is also reasonable to conclude that the pipe might be overlooked by a pedestrian under the circumstances allegedly confronted by plaintiff—where a standpipe protruding over a public sidewalk could not be observed because of the glare from the sun. Some visible hazards, because of their

nature or location, are likely to be overlooked (*Westbrook v WR Activities-Cabrera Mkts., supra*), and the facts here simply do not warrant concluding as a matter of law that the hazard was so obvious that it would necessarily be noticed by any careful observer, so as to make any warning superfluous (*id.*).

Even if we concluded that the hazard associated with the pipe was open and obvious, defendants' motion should still have been denied since a triable issue of fact exists as to whether defendants breached their "broader duty" to maintain the premises in a reasonably safe condition (*MacDonald v City of Schenectady*, 308 AD2d 125, 126 [2003]). As this Court stated in *Cohen v Shopwell, Inc.* (309 AD2d 560, 562 [2003]): "[T]he duty to maintain premises in a reasonably safe condition is analytically distinct from the duty to warn, and . . . liability may be premised on a breach of the duty to maintain reasonably safe conditions even where the obviousness of the risk negates any duty to warn."

In the present case, there remains an issue of fact as to whether defendants' actions with respect to the pipe violated their duty to maintain the premises in a reasonably safe condition, resulting in foreseeable injury to plaintiff (*see Westbrook v WR Activities-Cabrera Mkts., supra*; *see also Basso v Miller*, 40 NY2d 233, 241 [1976]). Concur—Buckley, P.J., Ellerin, Williams and Gonzalez, JJ.