# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

912

CA 11-00639

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

MARGARET BEVAN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DESMOND MURRAY, CHRISTINE MURRAY, AND MIKE
WESTON, DOING BUSINESS AS MIKE WESTON
CONTRACTING, DEFENDANTS-RESPONDENTS.
-------------------------------------------
DESMOND MURRAY AND CHRISTINE MURRAY,
THIRD-PARTY PLAINTIFFS-RESPONDENTS,

V

GRAYWOOD PROPERTIES, LLC, THIRD-PARTY
DEFENDANT-RESPONDENT.

---

LAW OFFICE OF CHARLES A. HALL, ROCHESTER (CHARLES A. HALL OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (LISA G. BERRITTELLA
OF COUNSEL), FOR DEFENDANTS-RESPONDENTS DESMOND MURRAY AND CHRISTINE
MURRAY AND THIRD-PARTY PLAINTIFFS-RESPONDENTS.

LIPPMAN O'CONNOR, BUFFALO (THOMAS D. SEAMAN OF COUNSEL), FOR
DEFENDANT-RESPONDENT MIKE WESTON, DOING BUSINESS AS MIKE WESTON
CONTRACTING.

GEIGER AND ROTHENBERG, LLP, ROCHESTER (ALEXANDER GEIGER OF COUNSEL),
FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas
A. Stander, J.), entered June 24, 2010 in a personal injury action.
The order, among other things, granted defendants' motions for summary
judgment and granted the third-party defendant's cross motion for
summary judgment.

It is hereby ORDERED that the order so appealed from is modified
on the law by denying the motions of defendants-third-party plaintiffs
and defendant, as well as the cross motion of third-party defendant,
reinstating the complaint and the third-party complaint, and vacating
that part of the fourth ordering paragraph denying plaintiff's cross
motion insofar as it sought leave to amend the complaint and as
modified the order is affirmed without costs and the matter is
remitted to Supreme Court, Monroe County, for further proceedings in

accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell and struck her head on an unfinished deck at the house of defendants-third-party plaintiffs (defendants). We agree with plaintiff that Supreme Court erred in granting the motions of defendants and defendant Mike Weston, doing business as Weston Contracting (Weston), seeking summary judgment dismissing the complaint, as well as the cross motion of third-party defendant Graywood Properties, LLC (Graywood) seeking summary judgment dismissing the third-party complaint, on the ground that the unfinished deck was an open and obvious risk (*see generally Tagle v Jakob*, 97 NY2d 165, 169). We therefore modify the order accordingly.

In order to construct the deck, Weston removed the exterior staircase that had previously led from the dining room of the house down to the ground. The joists for the deck were in place on the day of plaintiff's accident, and some boards were stacked across the joists in the middle of the deck. Prior to the accident, plaintiff was in the dining room, and she recalls intending to place an inchworm outside that she had discovered on Christine Murray (defendant). Plaintiff has no memory of the accident and, although defendant observed plaintiff stand up to leave with the inchworm, defendant did not see the accident occur. Indeed, defendant did not discover plaintiff sitting on the ground at the far end of the deck, approximately 10 feet away from the house, until after she had cleaned up the dishes, put some things away in the refrigerator and started loading the dishwasher. In light of the lack of evidence with respect to the actual events that occurred during those moments surrounding plaintiff's accident, it cannot be said that the "only . . . conclusion [that] can be drawn from the established facts" is that the accident occurred in its entirety at the far side of the unfinished deck (*Liriano v Hobart Corp.*, 92 NY2d 232, 242).

We note that the court denied that part of plaintiff's cross motion seeking leave to amend the complaint to add Graywood as a defendant, presumably in light of the court's determination granting the motions of defendants and Weston seeking summary judgment dismissing the complaint against them. We therefore further modify the order by vacating that part of the fourth ordering paragraph denying plaintiff's cross motion insofar as it sought leave to amend the complaint, and we remit the matter to Supreme Court to determine that part of plaintiff's cross motion.

All concur except CENTRA, J.P., who dissents in part and votes to affirm in the following Memorandum: I respectfully dissent in part and would affirm the order in its entirety. Plaintiff commenced this action seeking damages for injuries that she sustained when she fell and struck her head on an unfinished deck at the home of defendants-third-party plaintiffs (defendants). While the deck was under construction, defendant Mike Weston, doing business as Weston Contracting (Weston), removed the exterior stairs leading from the sliding glass door located in the dining room of the house. Notably, at the time of the accident, there was a stack of boards placed across the joists in the middle of the deck. The accident occurred when

plaintiff, who was visiting defendants, noticed an inchworm on defendant-third-party plaintiff Christine Murray (defendant) and decided to remove it from her and put the inchworm outside.  After plaintiff removed the inchworm, defendant walked toward the kitchen and did not witness the accident, although she looked out the window and observed plaintiff sitting on the ground in between joists at the far end of the unfinished deck.  Plaintiff remembered taking the inchworm off of defendant, but she had no memory of the accident.

In my view, Supreme Court properly granted the motions of defendants and Weston and that part of the cross motion of third-party defendant for summary judgment dismissing the complaint.  It is well settled that landowners do not have a duty to warn of an open and obvious condition on their property (*see Tagle v Jakob*, 97 NY2d 165, 169; *Faery v City of Lockport*, 70 AD3d 1375; *Cramer v County of Erie*, 23 AD3d 1145).  In support of their motion, defendants submitted photographs and their deposition testimony establishing that the condition of the unfinished deck was open and obvious, and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Plaintiff contends that the photographs of the unfinished deck fail to demonstrate that the absence of stairs leading from the sliding glass door was an open and obvious condition from the vantage point of someone inside the house.  I reject that contention inasmuch as plaintiff's theory that she fell because of the absence of the stairs is based on pure speculation.  Rather, the record establishes that, based on the location of plaintiff after the accident, she fell after climbing onto the deck and maneuvering over a stack of boards in the middle of the deck.  I therefore conclude that plaintiff was aware of the open and obvious condition of the unfinished deck (*see Tagle*, 97 NY2d at 169-170), and that the court properly dismissed the complaint insofar as it asserts a failure to warn claim.

I agree with plaintiff that " '[t]he duty to maintain premises in a reasonably safe condition is analytically distinct from the duty to warn' " (*Juoniene v H.R.H. Constr. Corp.*, 6 AD3d 199, 201), and that the court erred in ending its inquiry once it concluded that the allegedly dangerous condition was open and obvious.  "The fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition but, rather, bears only on the injured person's comparative fault" (*Bax v Allstate Health Care, Inc.*, 26 AD3d 861, 863).  I nevertheless conclude that the court properly dismissed the remainder of the complaint.  "[L]andowner[s] . . . owe[] a duty to persons coming upon [their] land to keep it in a reasonably safe condition, considering all the circumstances, including the purpose of the person's presence on the land and the likelihood of injury" (*Gustin v Association of Camps Farthest Out*, 267 AD2d 1001, 1002 [internal quotation marks omitted]).  " 'Foreseeability of injury is a limitation upon[] and defines the scope of duty' " (*id.*; *see generally Di Ponzio v Riordan*, 89 NY2d 578, 583).  Defendants established that plaintiff's actions in maneuvering across the unfinished deck to free an inchworm were not foreseeable as a matter of law (*see Garcia v Northcrest Apts. Corp.*, 24 AD3d 208, 209; *Gustin*, 267 AD2d at 1002).  Under the circumstances of this case,

defendants' duty to maintain the property in a reasonably safe condition did not extend to protecting plaintiff from her injuries (*see Gustin*, 267 AD2d at 1002; *see also Tedesco v Nowak*, 294 AD2d 911, *lv denied* 98 NY2d 610).

Entered:  October 7, 2011                    Patricia L. Morgan
                                            Clerk of the Court