■ JOHN K. WHALEN, Appellant, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents. [931 NYS2d 609]—

Plaintiff was injured when a tree fell on his car as he was driving on State Route 28 in Ulster County on reservoir property owned by the City. Plaintiff alleges that the City was

negligent in failing to remove a diseased, decaying, and unstable tree from the perimeter of the roadway. The City moved unsuccessfully for summary judgment dismissing the complaint for lack of notice of the dangerous condition of the tree. It then moved for renewal, based on the "new fact" that the tree was located within a 200-foot-wide permanent easement granted to the State in 1947 for the purpose of constructing and maintaining the roadway.

The City failed to show that it exercised due diligence in investigating the facts relevant to its liability or that it had a reasonable excuse for failing to present these facts, which it discovered in publicly available documents concerning its own property, on the prior motion (*see* CPLR 2221 [e] [2]; *Eddine v Federated Dept. Stores, Inc.*, 72 AD3d 487 [2010]; *Matter of Weinberg*, 132 AD2d 190, 209-210 [1987], *lv dismissed* 71 NY2d 994 [1988]). The interests of justice did not warrant successive motions for summary judgment (*see Jones v 636 Holding Corp.*, 73 AD3d 409 [2010]).

In any event, the City failed to demonstrate that it is absolved from liability in this case by the existence of a permanent easement on its property. Citing *Tagle v Jakob* (97 NY2d 165 [2001]), the City argues that, as the servient owner of the property, it had no duty to maintain the easement. In *Tagle*, the plaintiff was injured when he touched an uninsulated electric wire while climbing a tree on the defendant's property. The wire was owned by New York State Electric and Gas Co., which had an easement on the property for the maintenance of utility poles and overhead electric wires. The Court found that the property owner had no duty to maintain the easement, and therefore could not be held liable to the plaintiff, because the record demonstrated that she lacked the special expertise required to maintain electric wires and could not take any "remedial" steps in connection with the wires without risking disruption of the utility's easement (97 NY2d at 168-169). Here, in contrast, there is evidence that the City possessed and maintained the forested area of its property beyond the State's easement, where it posted "No Trespassing" signs (*see Butler v Rafferty*, 100 NY2d 265, 270 [2003]), and there is no evidence that the City lacked the expertise required to remove diseased trees or that doing so would interfere with the State's easement. Contrary to the City's argument, the fact that the State has a duty to maintain the trees on the property to keep the highway safe does not mean that the City, as a landowner, does not also have a duty to maintain its property in reasonably safe condition (*see e.g. Bingham v New York City Tr. Auth.*, 8 NY3d 176 [2007]). Concur—Gonzalez, P.J., Tom, Sweeny and Renwick, JJ.