■ CITIZENS INSURANCE CO. OF AMERICA, Doing Business as HANOVER INSURANCE GROUP, Appellant, v ARISTOTLE HATZIGEOR-GIOU, Individually and Doing Business as PLAY, et al., Respondents. [942 NYS2d 109]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered July 9, 2010, which denied plaintiff insurer's motion for summary judgment, and, upon searching the record, granted summary judgment to defendant insureds declaring that plaintiff is obligated to defend and indemnify defendant insureds in an underlying personal injury action, and order, same court and Justice, entered July 18, 2011, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to renew, unanimously affirmed, without costs.

In its motion for summary judgment, plaintiff asserted that it

timely disclaimed coverage for the underlying accident by letter dated July 9, 2008. In opposition, defendants asserted that the July 9, 2008 letter was not a notice of disclaimer, but a reservation of rights, and that plaintiff did not disclaim coverage until commencing this declaratory judgment action more than two months after receiving notice of the underlying action, which was untimely as a matter of law. Supreme Court agreed with defendants and denied plaintiff's motion. Plaintiff then moved to renew based on the "new facts" that it actually sent a letter disclaiming coverage on July 16, 2008 and that it never sent the "draft" letter dated July 9, 2008.

Supreme Court properly denied the motion to renew, as plaintiff did not provide a reasonable justification for failing to present the July 16, 2008 letter on the prior motion (*see* CPLR 2221 [e] [3]; *Whalen v New York City Dept. of Envtl. Protection*, 89 AD3d 416, 417 [2011]). Plaintiff's excuse that its counsel inadvertently attached the wrong letter in its prior motion papers is unreasonable, given that, in reply to defendants' opposition to the original motion, plaintiff submitted a sworn affidavit from its agent attesting to the fact that the July 9, 2008 letter was the disclaimer letter sent to defendants. The agent's affidavit on renewal asserting that the July 16, 2008 letter is the actual disclaimer letter contradicts her prior sworn affidavit; accordingly, Supreme Court properly determined that the failure to submit the July 16, 2008 letter was more than mere law office failure.

Plaintiff is not entitled to summary judgment, as the July 9, 2008 letter was the only letter before the court on the original motion, and plaintiff asserts that the letter was never sent. Concur—Gonzalez, P.J., Saxe, Sweeny, Acosta and Renwick, JJ.