# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**983**

**CA 12-00559**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

ANTHONY SALIM, INDIVIDUALLY AND AS PARENT AND
NATURAL GUARDIAN OF KATHRYN SALIM,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WESTERN REGIONAL OFF-TRACK BETTING CORPORATION,
BATAVIA DOWNS, DEFENDANT-APPELLANT.

---

ROEMER WALLENS GOLD & MINEAUX, LLP, ALBANY (MATTHEW J. KELLY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

NICHOLAS, PEROT, SMITH, BERNHARDT & ZOSH, P.C., AKRON (CRAIG H.
BERNHARDT OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Genesee County (Robert
C. Noonan, A.J.), entered December 30, 2011 in a personal injury
action. The order denied the motion of defendant for summary judgment
dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on
behalf of his infant daughter, seeking damages for injuries sustained
by his daughter on defendant's premises when she tripped on a 2 x 4
piece of wood affixed to bleachers used by patrons of defendant's
racetrack. The piece of wood, which was placed there in order to keep
the bleachers level, extended on the ground from the back of the
bleachers to a wall, creating a gap between the bleachers and the
wall. Plaintiff's daughter was emerging from the gap behind the
bleachers when she tripped on the piece of wood and fell. Contrary to
the contention of defendant, we conclude that Supreme Court did not
err in denying its motion for summary judgment dismissing the
complaint.

It is well established that "New York landowners owe people on
their property a duty of reasonable care under the circumstances to
maintain their property in a safe condition" (*Tagle v Jakob*, 97 NY2d
165, 168; *see Basso v Miller*, 40 NY2d 233, 241). "The duty of a
landowner to maintain its property in a safe condition extends to
persons whose presence is reasonably foreseeable by the landowner"
(*Brown v Rome Up & Running, Inc.*, 68 AD3d 1708, 1708 [internal
quotation marks omitted]). "[I]t is for the court first to determine

whether any duty exists" (*Tagle*, 97 NY2d at 168). In determining the scope of the duty, "courts look to whether the relationship of the parties is such as to give rise to a duty of care . . ., whether the plaintiff was within the zone of foreseeable harm . . . and whether the accident was within the reasonably foreseeable risks" (*Di Ponzio v Riordan*, 89 NY2d 578, 583).

Here, defendant failed to meet its burden of establishing that it owed no duty to plaintiff's daughter (*see generally Tagle*, 97 NY2d at 168; *Basso*, 40 NY2d at 241). Specifically, defendant failed to establish that it was an "unforeseeable" or "remote possibility" that a child would trip over the 2 x 4 affixed to the bleachers while playing in the gap (*Hennigan v Johnson*, 245 AD2d 1130, 1131; *see generally Watson v Hillside Hous. Corp.*, 232 AD2d 252, 253, *lv dismissed* 89 NY2d 1030). Indeed, although the racetrack superintendent was unaware of any prior problems with individuals entering the area behind the bleachers, defendant's security guard testified at his deposition that he had seen children playing in the vicinity of the bleachers and that, on previous occasions, he had directed children to stop running and jumping in the area. Further, although the size of the space was disputed, there was no dispute that a gap existed. In support of the motion, defendant submitted the deposition testimony of the racetrack superintendent in which he stated that the gap ranged from one to two feet; plaintiff's deposition testimony in which plaintiff testified that "someone could walk back [there] and not have a problem"; and an affidavit of a witness to the accident in which he averred that the gap was large enough to allow a person to move around in the space. Thus, defendant's own submissions established that the gap was readily accessible to racetrack patrons and that defendant was aware that children played on or near the bleachers (*cf. Gustin v Association of Camps Farthest Out*, 267 AD2d 1001, 1002).

Defendant also failed to establish that it maintained the subject premises in a reasonably safe condition (*see generally Tagle*, 97 NY2d at 168; *Basso*, 40 NY2d at 241). "[A] landowner is liable for a dangerous or defective condition on his or her property when the landowner created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it" (*Pommerenck v Nason*, 79 AD3d 1716, 1716 [internal quotation marks omitted]). Here, defendant's own submissions establish that it created the allegedly dangerous condition by installing the piece of wood to keep the bleachers level after they developed a small crack, and defendant failed to establish that the 2 x 4 did not present a tripping hazard. Defendant's failure to meet its initial burden necessitated denial of the motion "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court