■ ALEXANDER TORO, Appellant, v FRIEDLAND PROPERTIES, INC., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [976 NYS2d 158]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens

County (McDonald, J.), dated June 18, 2012, which granted the motion of the defendants Friedland Properties, Inc., Lawrence Friedland, Melvin Friedland, New Town Pizza Broadway, Inc., and New Pizza Town, Inc., for summary judgment dismissing the amended complaint insofar as asserted against them and, in effect, to vacate so much of a prior order of the same court dated February 24, 2011, as granted the plaintiff leave to enter a default judgment against the defendant New Town Pizza Broadway, Inc., and, in effect, denied, as academic, that branch of his cross motion which was to restore the action insofar as asserted against the defendants Friedland Properties, Inc., Lawrence Friedland, Melvin Friedland, New Town Pizza Broadway, Inc., and New Pizza Town, Inc., to the trial calendar.

Ordered that the order dated June 18, 2012, is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Friedland Properties, Inc., Lawrence Friedland, Melvin Friedland, New Town Pizza Broadway, Inc., and New Pizza Town, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against them and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof, in effect, denying, as academic, that branch of the plaintiff's cross motion which was to restore the action insofar as asserted against those defendants to the trial calendar; as so modified, the order is affirmed, with costs payable to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for a new determination of that branch of the plaintiff's cross motion which was to restore the action insofar as asserted against the defendants Friedland Properties, Inc., Lawrence Friedland, Melvin Friedland, New Town Pizza Broadway, Inc., and New Pizza Town, Inc., to the trial calendar.

The plaintiff alleged that on April 1, 2009, he was walking on the sidewalk on 78th Street in Manhattan and that when he turned the corner onto Broadway, his left elbow struck a children's Mickey Mouse ride which was placed in front of a pizza shop. His original complaint named Friedland Properties, Inc., Lawrence Friedland, Melvin Friedland (hereinafter collectively the Friedland defendants), New Town Pizza Broadway, Inc. (hereinafter Pizza Broadway), and New Pizza Town, Inc. (hereinafter Pizza Town), as defendants. In an order dated February 24, 2011, the Supreme Court granted an unopposed motion by the plaintiff for leave to enter a default judgment against, among others, Pizza Broadway.

Thereafter, in an order dated June 18, 2012, the Supreme Court, inter alia, granted the motion of the Friedland defend-

ants, Pizza Broadway, and Pizza Town for summary judgment dismissing the amended complaint insofar as asserted against them and, in effect, to vacate so much of the February 24, 2011, order as granted leave to enter a default judgment against Pizza Broadway.

Initially, we find that the Supreme Court properly exercised its discretion in vacating so much of the February 24, 2011, order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Pizza Broadway. The confusion experienced by defense counsel in distinguishing between Pizza Broadway and Pizza Town as the entity which maintained the pizzeria at the subject location was understandable under the circumstances of this case and constituted a reasonable excuse for the default (*see generally* CPLR 2005; 5015 [a] [1]). Moreover, the moving defendants' submissions were sufficient to establish a potentially meritorious defense on behalf of Pizza Broadway.

However, the moving defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them. Their submissions failed to establish that the Mickey Mouse ride had been placed on the sidewalk in such a manner as to comply with the New York City Administrative Code (*see* Administrative Code of City of NY § 19-136 [a], [j]). Hence, they failed to exclude the possibility that the ride obstructed the sidewalk or otherwise created an inherently dangerous condition. Moreover, "the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question" (*Tagle v Jakob*, 97 NY2d 165, 169 [2001]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Harris v 11 W. 42 Realty Invs., LLC*, 98 AD3d 1084, 1085 [2012]). Here, in view of the alleged circumstances of the plaintiff's accident, a triable issue of fact exists as to whether the condition was open and obvious.

The ability of the plaintiff to restore the action insofar as asserted against the moving defendants to the trial calendar, as requested in his cross motion, depends upon the readiness of the case for trial. The Supreme Court did not pass upon this issue because it granted the motion for summary judgment dismissing the amended complaint. Thus, we remit the matter to the Supreme Court, Queens County, for a determination of that branch of the plaintiff's cross motion.

The plaintiff's remaining contentions are without merit.

Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur. **[Prior Case History: 35 Misc 3d 1242(A), 2012 NY Slip Op 51125(U).]**