■ ENCOMPASS INSURANCE COMPANY OF AMERICA, as Subrogee of Anthony Spadolini and Another, et al., Respondent, v LONG ISLAND POWER AUTHORITY, Respondent, and LONG ISLAND YACHT CLUB, INC., Appellant. [10 NYS3d 110]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the defendant Long Island Yacht Club, Inc., appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 7, 2014, which denied its converted motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the appellant's converted motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

Pursuant to a utility easement agreement, the power lines of the defendant Long Island Power Authority (hereinafter LIPA)

passed through the property of the defendant Long Island Yacht Club, Inc. (hereinafter LIYC). The easement agreement authorized LIPA to trim any trees along its power lines. There was bamboo vegetation on LIYC's property, which abutted the property of the plaintiff's insureds. The bamboo vegetation allegedly caught on fire due to sparks emanating from LIPA's power lines, which were uninsulated, and the fire allegedly spread to the property of the plaintiff's insureds. The plaintiff subsequently commenced this action against LIPA and LIYC to recover the insurance benefits it paid to its insureds. The Supreme Court denied LIYC's converted motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

"Ordinarily, a servient owner has no duty to maintain an easement to which its property is subject. Indeed, a servient owner has a 'passive' duty to refrain from interfering with the rights of the dominant owner" (*Tagle v Jakob*, 97 NY2d 165, 168 [2001] [emphasis omitted]). LIYC established its prima facie entitlement to judgment as a matter of law by demonstrating that it was a servient owner which had no duty to trim the bamboo vegetation around LIPA's power lines (*see id.* at 168-169). In opposition, the plaintiff and LIPA failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *cf. Whalen v New York City Dept. of Envtl. Protection*, 89 AD3d 416 [2011]).

Accordingly, the Supreme Court should have granted LIYC's converted motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.