Nobile v Trawinski (2020 NY Slip Op 06908)





Nobile v Trawinski


2020 NY Slip Op 06908


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


979 CA 19-01399

[*1]SUSAN NOBILE AND SALVATORE NOBILE, PLAINTIFFS-RESPONDENTS,
v
PATRICIA R. TRAWINSKI, DOING BUSINESS AS STOCKMAN'S TAVERN, DEFENDANT-APPELLANT. 






BURDEN, HAFNER & HANSEN, LLC, BUFFALO (JAMES H. COSGRIFF, III, OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROWN CHIARI LLP, BUFFALO (ERIC M. SHELTON OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered July 1, 2019. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Susan Nobile (plaintiff) when she tripped and fell over a fire pit located at an outdoor tiki bar owned by defendant. Defendant appeals from an order denying her motion for summary judgment dismissing the complaint. We affirm.
A landowner "owe[s] people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition" (Tagle v Jakob, 97 NY2d 165, 168 [2001]; see Basso v Miller, 40 NY2d 233, 241 [1976]; Breau v Burdick, 166 AD3d 1545, 1546 [4th Dept 2018]). In a negligence action alleging a breach of that duty, a defendant landowner may meet his or her initial burden on a motion for summary judgment by establishing that the alleged hazard did not constitute a dangerous condition (see Smith v Szpilewski, 139 AD3d 1342, 1342 [4th Dept 2016]; Parslow v Leake, 117 AD3d 55, 62 [4th Dept 2014]). A tripping hazard capable of causing injury may constitute a dangerous condition (see e.g. Salim v Western Regional Off-Track Betting Corp., Batavia Downs, 100 AD3d 1370, 1372 [4th Dept 2012]; Camizzi v Tops, Inc., 244 AD2d 1002, 1002 [4th Dept 1997]), and "a landowner with knowledge of a dangerous condition that could be alleviated by illumination may owe a duty to provide adequate lighting" (Sirface v County of Erie, 55 AD3d 1401, 1402 [4th Dept 2008], lv dismissed 12 NY3d 797 [2009]; cf. Lumpkin v 3171 Rochambeau Ave, LLC, 148 AD3d 511, 512 [1st Dept 2017]). According to deposition testimony submitted in support of defendant's motion here, at approximately 9:30 p.m. on the evening in question, plaintiff was walking back to her table from the bathroom. Plaintiff Salvatore Nobile, who was at the bar on the night of plaintiff's fall, testified that the lighting in "the whole area" was "poor." Although there was an amber light by the bathroom and lighting at the bar, there was no fire in the fire pit and there were no lights illuminating it. Plaintiff, rather than taking a lighted pathway back to her table, took a more direct route across a dark, grassy area. Plaintiff did not see the fire pit and tripped over it, injuring her shoulder. Given those facts, we conclude that defendant failed to meet her initial burden because her own evidentiary submissions raise issues of fact (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
We reject defendant's contention that Supreme Court erred in denying her motion on the ground that the condition of the fire pit was open and obvious. Although an open and obvious [*2]condition may be relevant to the issue of a plaintiff's comparative fault, it does not negate a defendant's duty to keep his or her premises reasonably safe (see Cashion v Bajorek, 126 AD3d 1354, 1354 [4th Dept 2015]; Landahl v City of Buffalo, 103 AD3d 1129, 1130 [4th Dept 2013]; Lauricella v Friol, 46 AD3d 1459, 1459 [4th Dept 2007]). Finally, we reject defendant's contention that plaintiff's conduct was the sole proximate cause of her injuries (see Lauricella, 46 AD3d at 1460).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court