| **D.W. v Archdiocese of N.Y.** |
| --- |
| 2026 NY Slip Op 30725(U) |
| February 26, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 950312/2021 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: **HON. SABRINA KRAUS**

*Justice*

----------------------------------------------------------------------------X

D. W.,

Plaintiff,

- v -

ARCHDIOCESE OF NEW YORK, CHURCH OF SAINT
VITO - MOST HOLY TRINITY F/K/A ST. VITO CHURCH,
DOMINICAN SISTERS OF SPARKILL F/K/A THE
DOMINICAN CONGREGATION OF OUR LADY OF THE
ROSARY, ST. VITO PARISH, ST. VITO SCHOOL,
FEDERATION OF DOMINICAN SISTERS USA, INC.

Defendants.

----------------------------------------------------------------------------X

| | |
|---|---|
| PART | CVA – 1 |
| INDEX NO. | 950312/2021 |
| MOTION DATE | 10/28/2025 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 1, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 136, 137, 138, 139, 140, 141, 142, 143, 144

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

## BACKGROUND

Plaintiff commenced this action pursuant to the Child Victims Act ("CVA") seeking damages for child sexual abuse allegedly perpetrated by Monsignor John Goodwine ("Goodwine") at St. Vito Church (the "Church") and St. Vito School (the "School").

## FACTS

The following information is undisputed from the record.

Plaintiff attended the School during the years 1975 and 1976. The Dominican Sisters of Sparkhill (the "Sisters") are a religious order whose members were commonly appointed to the School as employees. One such sister, Sister Joan Marie Looney, served as principal of the School during the years 1975 to 1976. Goodwine taught religious education at the School and

950312/2021   D.W. vs. ARCHDIOCESE OF NEW YORK ET AL
Motion No.  005

Page 1 of 8

was commonly present during school hours. Goodwine also performed mass services at the Church that the students would attend.

Plaintiff testified that Goodwine abused her on two occasions.

The first time was after church. Plaintiff and her family were exiting the building when Goodwine approached her from behind. Goodwine put his hands on Plaintiff's shoulders, pulled her into his body and ran his hands over Plaintiff's breasts above her clothes. Plaintiff's family and other church attendees were present when this occurred.

The second time was when Plaintiff was either in third or fourth grade, in 1975 or 1976. Plaintiff was walking up a stairwell at the School, heading back to class from the cafeteria. Goodwine similarly approached her from behind and put his hands on her shoulders, then ran his hands underneath Plaintiff's shirt and squeezed her breasts and her nipples.

Plaintiff did not tell anyone about the alleged abuse until she was around 13 to 14 years old when she told her sister.

## RELEVANT PROCEDURAL HISTORY

On February 13, 2026, the Court issued a decision and order denying those portions of the motions of the Archdiocese of New York's and the Sisters seeking summary judgment dismissing Plaintiff's causes of action for negligence (NYSCEF Doc Nos. 136, 137).

## PENDING MOTION

On February 25, 2026, the School, Church and St. Vito Parish (collectively, "Defendants") moved for an order granting summary judgment dismissing Plaintiff's complaint in its entirety as against them (NYSCEF Doc No. 107 [mot. seq. 005]). The motions were fully briefed and marked submitted on

950312/2021   D.W. vs. ARCHDIOCESE OF NEW YORK ET AL                    Page 2 of 8
Motion No.  005

2 of 8

The Court grants the motion to the extent of dismissing Plaintiff's third cause of action for breach of Social Services Law §§ 413 and 420 as against them, but it is otherwise denied.

## DISCUSSION

Summary judgment is a drastic remedy reserved for cases where "no material and triable issue of fact is presented" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). To prevail on summary judgment, the movant must establish *prima facie* entitlement to judgment as a matter of law, tendering evidence in admissible form demonstrating the absence of any triable issues of fact (CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25–26 [2019]). A defendant's initial burden on summary judgment cannot be satisfied by "merely point[ing] to perceived gaps" in a plaintiff's proof "rather than submitting evidence showing why" the plaintiff's claim fail (*Matter of New York City Asbestos Litig.*, 174 AD3d 461, 461 [1st Dept 2019] [alteration in original]).

When the movant meets this burden, summary judgment will be denied only when the nonmovant provides evidence in admissible form demonstrating the existence of triable issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, "[m]ere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 [2016] [alteration in original]). Courts view the evidence in a light most favorable to the nonmovant and accord the nonmovant "the benefit of every reasonable inference" (*Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]).

### The Court Grants Defendants' Motion to Dismiss Plaintiff's Claim for Breach of Social Services Law §§ 413 and 420

The Court first grants Defendants' motion for summary judgment dismissing Plaintiff's third cause of action for breach of the statutory duty under Social Services Law §§ 413, 420 as

950312/2021   D.W. vs. ARCHDIOCESE OF NEW YORK ET AL
Motion No.  005
Page 3 of 8

3 of 8

[* 3]

Plaintiff abandoned them "by failing to oppose the parts of [the Defendants'] motion that sought summary judgment dismissing those claims" (*see Josephson LLC v Column Fin., Inc.*, 94 AD3d 479, 480 [1st Dept 2012]).

### *Defendants Do Not Make Out a Prima Facie Case that They Lacked Actual or Constructive Notice of Goodwine's Abusive Propensities or Conduct*

Defendants argue that they lacked actual or constructive notice of Goodwine's abusive propensities or conduct by submitting the following evidence in support: (1) Goodwine's personnel file devoid of any complaints of sexual misconduct and (2) Plaintiff's testimony that no one at St. Vito's knew that Goodwine inappropriately touched her (NYSCEF Doc No. 110, at 4–5). Defendants also cite Sister Barbara Wright's testimony that she never heard any complaints about Goodwine's conduct during her nineteen years of having worked at St. Vito's (*id.* at 7).

Defendants do not establish a *prima facie* case for the dismissal of Plaintiff's first cause of action for negligence. A school district standing *in loco parentis* has the duty to exercise the same degree of care and supervision over students under its custody and control as a reasonably prudent parent would exercise under comparable circumstances (*R.L. v Holland Cent. Sch. Dist.*, 244 AD3d 1807, 1808 [4th Dept 2025]). This duty is the "fountainhead of the duty of care owed by a school to its students" (*Williams v Weatherstone*, 23 NY3d 384, 403 [2014]). Although a defendant standing *in loco parentis* owes a child a separate duty to supervise the child while in their custody and control (*see John Doe 42 v Yeshiva Univ.*, 248 NYS3d 41 [1st Dept 2026]), the ordinarily prudent parent standard can also apply to a negligent hiring, retention and supervision claim against the same defendant (*see Doe v Jagiello*, 242 AD3d 1549, 1551 [4th Dept 2025] ["[T]he concept [of *in loco parentis*] may be applicable to plaintiff's claims for negligent retention and supervision[.]"]). Defendants submit no evidence affirmatively establishing that

950312/2021   D.W. vs. ARCHDIOCESE OF NEW YORK ET AL
Motion No.  005

Page 4 of 8

they were not negligent in their supervision of Plaintiff while she was in their custody and control as a student at the School.

In the following cases, various Departments in this State reversed the trial court's award of summary judgment dismissing claims regarding the sexual abuse by an employee of a student because defendants had not established entitlement to judgment as a matter of law as the adequacy of the child's supervision presented questions of fact for the jury: *Sayegh v City of Yonkers*, 228 AD3d 690 [2d Dept 2024] [*defendants failed to establish prima facie that they lacked constructive notice and they failed to demonstrate that their supervision of the teacher and plaintiff was not negligent*]; *Stanton v Longwood Central School District*, 233 AD3d 1010 [2d Dept 2024] [*school district failed to meet prima facie burden on summary judgment for dismissal of negligent hiring, retention and supervision when it submitted no evidence on its procedures for hiring or supervising the alleged abuser*]; *MCVAWCD-DOE v Columbus Avenue Elementary School*, 225 AD3d 845 [2d Dept 2024] [*holding that school district failed to establish lack of constructive notice even though the classes in which the teacher abused students were taught one-on-one*]; *R.L v Holland Central School District*, 244 AD3d 1807, 1809 [4th Dept 2025] [*holding that the school defendants did not establish lack of negligence in supervising plaintiff in loco parentis nor did they establish lack of notice regarding negligent hiring, retention and supervision*].

Defendants also do not establish that they were not negligent in their hiring, retention and supervision of Goodwine as they cite no evidence establishing their lack of notice of his abusive propensities or conduct. While Defendants submit Goodwine's personnel file from the Archdiocese in support of their motion, the Archdiocese's witness Bishop Gerald Walsh testified that the Archdiocese's recordkeeping regarding priests was "all informal" among each parish

950312/2021   D.W. vs. ARCHDIOCESE OF NEW YORK ET AL
Motion No. 005
Page 5 of 8

5 of 8

(NYSCEF Doc No. 117). Walsh also testified that if a student at a seminary was disciplined while studying to become a priest, that disciplinary file would not carry over to the parish to which the individual was assigned (*id.* at 65–66). Finally, Walsh testified that he had never even seen disciplinary records for any priest that were kept in the priest's personnel file (*id.* at 147).

Defendants further argue that Plaintiff's own testimony establishes that they lacked notice because Plaintiff admitted that she was alone in the stairwell with Goodwine during the second incident of abuse and that she told no one about the abuse until she told her sister years later. Plaintiff did testify, however, that students and teachers were in the hallways during the incident in the stairwell (NYSCEF Doc No. 115, at 129) and that she heard people behind her while Goodwine was abusing her (*id.* at 133). The Court thus holds that Defendants fail to establish that they had no "opportunity or reason to know about the abuse" (*Nellenback v Madison County*, 44 NY3d 329, 337 [2025]).

Finally, Defendants' reliance on the Court of Appeals' decision *Nellenback v Madison County* is misplaced. *Nellenback* involved a fact-specific analysis holding that the County established that it lacked constructive notice of the abuse (*id.* at 334–35). In *Nellenback*, the plaintiff-foster child only alleged that the abuse happened off the County's premises, and the County's lack of a file regarding the abuser's interactions with the plaintiff was explainable as the files for former foster children were routinely destroyed years after the individual reached age of eighteen (*id.* at 331, 334–35). What *Nellenback* did clarify—and what the First Department has cited *Nellenback* for—is that a CVA defendant should be held to the standard of care "that was reasonable at the time" for the hiring, retention or supervision an employee (*id.* at 337; *see also C.R. v Episcopal Diocese of New York*, 243 NYS3d 348, 355 [1st Dept 2025]). Defendants nevertheless do not make out a *prima facie* case considering this standard as "a jury

950312/2021   D.W. vs. ARCHDIOCESE OF NEW YORK ET AL          Page 6 of 8
Motion No.  005

6 of 8

determines whether and to what extent a particular duty was breached" (*Tagle v Jakob*, 97 NY2d 165, 168 [2001]).

Even assuming Defendants made out such a case, the record contains evidence from which a jury could determine that Defendants had constructive notice of problems with Goodwine at the School. The evidence shows Goodwine's conduct was always in public areas of the School or Church, where others could have or did observe it, and involves instances of abuse against other students either prior to or during the same time period as Plaintiff's. This evidence includes the following:

> (1) Tara Branham testified that she would avoid Goodwine as a child because he was a "creepy, handsy guy" who often pulled children close to him. Branham testified that Goodwine would run his fingers down the front of girls' shirts to see if they were wearing a bra. Of her friend group, Branham testified that "at some point during our course of eight years, obviously all of us were probably embraced by him." (NYSCEF Doc No. 140, at 27–29, 38).

> (2) Goodwine engaged in this conduct in the hallways of the School and after services at the Church. Branham testified that he also once patted her on the buttocks on the altar of the Church in front of others (*id.* at 37, 52).

> (3) Karen Sinopoli Williams testified that Goodwine once ran his hands and fingers over her chest when she was seven years old. As Goodwine touched her, Williams stated that she locked eyes with a secretary at the School (NYSCEF Doc No. 141, at 62–65).

> (4) Laura Leonard testified that Goodwine put his hands into her school uniform and pinched her breasts and nipples while she was at the water fountain in the hallway of the School. Leonard also testified that Goodwine would engage in this behavior after services at the Church. Leonard also advised the principal directly of the problems with Goodwine but was thwarted by the principal of providing the details. (NYSCEF Doc No. 142, at 60–61, 64–65, 69–70).

## CONCLUSION

Accordingly, it is hereby:

ORDERED that the motion of the St. Vito Parish, St. Vito School, and Church of Saint Vito - Most Holy Trinity f/k/a St. Vito Church (mot. seq. 005) is granted to the extent that

950312/2021   D.W. vs. ARCHDIOCESE OF NEW YORK ET AL
Motion No.  005

Page 7 of 8

Plaintiff's claim under Social Services Law §§ 413 and 420 is dismissed as against them, but the motion is otherwise denied; and it is further

ORDERED that all other requests for relief are denied; and it is further

ORDERED that the parties appear for a virtual pretrial conference via MS Teams on April 29, 2026 at 1:30 pm; and it is further

ORDERED that, within twenty (20) days from entry of this order, defendants shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119, New York, NY 10007); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of this Court.

20260226103041SBKRAUSED058A47E134459EA3C79710821FBE66

| __2/26/2026__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **SABRINA KRAUS, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 8]