■ WILBUR SMITH, Respondent, v NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants. [696 NYS2d 239] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated July 16, 1998, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced an action against the defendant New York City Industrial Development Agency (hereinafter NYCIDA) and the defendant Vanguard Corporation (hereinafter Vanguard) to recover damages for injuries he sustained on January 29, 1994, when he slipped and fell on ice which had accumulated on the floor of a vacant building owned by the defendants as a result of a water pipe which had burst two weeks before the accident. The defendants moved for summary judgment dismissing the complaint on the grounds, *inter alia*, that the NYCIDA's ownership interest in the premises was insufficient to impose liability upon it, and Vanguard could not be held liable because it had been out of possession of the premises for over one year before the accident and another party had assumed the responsibility for maintaining the premises. The Supreme Court denied the motion, and we reverse.

In 1984 the NYCIDA leased the premises to Vanguard and assigned its interest in the lease to Bank Leumi, which is not a party to this action. Vanguard filed for bankruptcy protection in 1991, and vacated the premises before June 23, 1992. On June 23, 1992, the bankruptcy trustee and Bank Leumi entered into a stipulation pursuant to which Bank Leumi assumed responsibility for payment of all expenses of preserving the premises. Thus, at the time that the water pipe burst, Bank Leumi had assumed the obligation to maintain the premises.

Under these circumstances, Vanguard, having been out of possession of the premises for over one year before the date of the accident, was not liable for the plaintiff's injuries (*see, Mehl v Fleisher,* 234 AD2d 274).

NYCIDA's ownership interest of the premises was no more than a financing mechanism (*see, Collins v County of Monroe Indus. Dev. Agency [COMIDA],* 167 AD2d 914; *Matter of Erie County Indus. Dev. Agency v Roberts,* 94 AD2d 532, *affd* 63 NY2d 810). Accordingly, the NYCIDA cannot be held liable for the plaintiff's injuries by reason of its record ownership of the premises.

Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Altman, J. P., Krausman, H. Miller and Schmidt, JJ., concur.