■ THOMAS BRADY, JR., et al., Appellants-Respondents, v DUNLOP TIRE CORPORATION et al., Respondents, and ARMSTRONG RIM AND WHEEL MANUFACTURING COMPANY, Respondent-Appellant, et al., Defendants. (And a Third-Party Action.) [711 NYS2d 633] —Spain, J. Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered April 8, 1999 in Tioga County, which, *inter alia*, granted motions by defendants Dunlop Tire Corporation and Bridgestone/Firestone for summary judgment dismissing the complaint against them and partially granted a motion by defendant Armstrong Rim and Wheel Manufacturing Company for summary judgment dismissing the complaint against it.

Plaintiff Thomas Brady, Jr. (hereinafter plaintiff) sustained serious injuries while replacing the tube in the tire of a manure spreader at the farm where he was employed. After installing the new tube and placing the tire back on the single-piece drop-center rim, plaintiff began to inflate the tube, but because the tire was not properly seated on the rim a portion of the tube protruded between the tire and the rim as the tube was being inflated. As a result, the tube exploded while plaintiff was bending over the assembled tire and rim, thereby propelling the unit into plaintiff. Plaintiff, and his wife derivatively, commenced this personal injury action against, among others, the manufacturers of the tire, tube and rim (hereinafter collectively referred to as defendants) alleging causes of action based upon negligence, failure to warn, design defect and manufacturing defect. Supreme Court granted summary judgment to the manufacturers of the tire and tube dismissing the complaint against them, but concluded that plaintiffs' design defect claim against the rim manufacturer raised questions of fact. Plaintiffs and the rim manufacturer appeal.

Plaintiffs do not take issue with the dismissal of their negligence and manufacturing defect claims against defendants. With regard to the design defect claim, defendants submitted evidentiary proof in admissible form to demonstrate the absence of any defect in the tire, tube or rim. Plaintiffs

have not alleged that either the tire or the tube was defective, and we agree with the rim manufacturer that the affidavit of plaintiffs' expert was insufficient to avoid summary judgment on the issue of whether the rim was defectively designed (*see, Merritt v Raven Co.*, 271 AD2d 859, 860-862).

On appeal, plaintiffs' defective design argument focuses on the risk of harm that arose during the assembly of the tire, tube and rim. Despite the absence of any defect in the tire, tube or rim, the evidence demonstrates that the combination or integration of these three sound products created a dangerous condition to which plaintiff was exposed during the assembly and inflation process. Accordingly, each manufacturer had a duty to warn of the dangerous condition (*see, Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 298; *Village of Groton v Tokheim Corp.*, 202 AD2d 728, 730, *lv denied* 84 NY2d 801) and, therefore, plaintiffs' defective design claim is essentially the same as their failure to warn claim. Concluding that no warning would have improved upon plaintiff's foreknowledge of the risk, Supreme Court dismissed the failure to warn claim.

In *Liriano v Hobart Corp.* (92 NY2d 232, 241), the Court of Appeals concluded that no duty to warn arose where the injured party had actual knowledge of the hazard or where the hazard was patently dangerous or posed open and obvious risks. "Because of the factual nature of the inquiry, whether a danger is open and obvious is most often a jury question * * *. Where only one conclusion can be drawn from the established facts, however, the issue of whether the risk was open and obvious may be decided by the court as a matter of law" (*id.*, at 242 [citation omitted]). We conclude that the risk of an explosion while inflating a tubed tire on a single-piece drop-center rim falls into the former category. There are aspects of the hazard—including the risk that an improperly seated tire could cause an explosion when a portion of the tube protrudes between the tire and the rim during inflation—which a jury could reasonably find were concealed or not reasonably apparent to plaintiff.

Plaintiff's actual knowledge of the hazard poses a more troublesome issue. There is ample evidence that plaintiff had substantial experience assembling tires, both with and without tubes, on single-piece drop-center rims, beginning at the age of 10 or 12 while helping in his father's garage business. He also had some formal training in a high school vocational program, he continued to change tires thereafter and he had successfully changed two tires for his employer prior to his injury. He testi-

fied that although he received no warnings of any dangers involved in servicing a single-piece rim, his father did tell him that "[t]he tire could come right off". When asked how that could happen, plaintiff testified that it could be caused by too much lubricant or by using the wrong size tire. When plaintiff testified that he knew of no other cause, counsel asked, "What about if the tire isn't properly seated on the rim?" Plaintiff responded, "That could happen, yeah."

The subjective knowledge envisioned by the *Liriano* case is the "injured party's *actual knowledge of the specific hazard* that caused the injury" (*id.*, at 241 [emphasis supplied]). A careful review of the record—particularly plaintiff's deposition testimony—reveals the absence of sufficient evidence to demonstrate as a matter of law that plaintiff was actually aware at the time of his injury that the improper seating of a tubed tire on a single-piece rim posed the risk of explosion during inflation. Although plaintiff acknowledged that improper seating could cause the tire to come off the rim, it is not clear whether he was actually aware of that danger at the time of his injury or merely recognized it as a danger when counsel mentioned it at the deposition. In addition, a reading of plaintiff's deposition demonstrates that he actually believed that the danger created by the improper seating of a tire on a single-piece rim was a risk to the user of the assembled tire and rim, rather than a risk to the assembler. Where, as here, "reasonable minds might disagree as to the extent of plaintiff's knowledge of the hazard, the question is one for the jury" (*id.*, at 241; *see, Steinbarth v Otis El. Co.*, 269 AD2d 751).

Based upon the foregoing analysis, we conclude that Supreme Court erred in granting defendants' motion for summary judgment dismissing plaintiffs' failure to warn claim against them and in denying the rim manufacturer's motion for summary judgment seeking dismissal of the design defect claim against it.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by (1) reversing so much thereof as granted the motions of defendants Dunlop Tire Corporation, Bridgestone/Firestone and Armstrong Rim and Wheel Manufacturing Company for summary judgment dismissing plaintiffs' failure to warn claim against them; said motions denied to that extent; and (2) reversing so much thereof as denied the motion of defendant Armstrong Rim and Wheel Manufacturing Company for summary judgment dismissing plaintiffs' design defect claim against it; said motion partially granted, partial summary judg-

ment awarded to said defendant and plaintiffs' design defect cause of action against said defendant dismissed; and, as so modified, affirmed.