■ STEPHANIE BRUKER, Appellant, v LOUIS FISCHBEIN, Respondent. [769 NYS2d 34]—

Order, Supreme Court, Bronx County (Howard Silver, J.), entered June 12, 2002, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff, an interior designer, brought this action after she was injured when she fell through the bedroom floor to the basement below, while working on a renovation project at defendant's home. Defendant denied liability and moved for summary judgment. In support of his motion, defendant submit-

ted plaintiff's deposition testimony, his own deposition testimony, and an affidavit of Jamie Olaya, a contractor who was working at the house on the date of plaintiff's accident.

At her deposition, plaintiff testified that on July 6, 1999, at about 8:00 A.M., she went to defendant's house to take measurements. She stated that she entered the master bedroom, which had no lights on, but was illuminated by natural light from small windows, and that she had no problem seeing the room's interior. The carpets and the flooring had been removed, and she was able to see the subfloor, which was made of either plywood or sheetrock. Plaintiff testified that the floor was covered, that there were no open beams, and that "[i]t did not look to me to be a dangerous floor to walk on."

In Olaya's affidavit, he stated that he was at the house on the date of plaintiff's accident. He swore that he warned plaintiff that the floor of the master bedroom had been removed and that she should wait for him to place plywood over the exposed floor and beams before she walked around that area. Olaya also affirmed that, after the accident, plaintiff admitted that she had been "foolish" to walk on the part of the floor that she fell through, because she suspected that it would not support her.

In opposition to defendant's motion, plaintiff submitted her own affidavit, in which she denied Olaya's account of having warned her about the floor. Plaintiff also reiterated that the area where she fell was covered, and that she "would not and did not go balancing along exposed floor beams to get from one part of a house to the other."

The IAS court granted defendant's motion, finding that plaintiff had failed to "overcome the assumption of risk she undertook when she knowingly traversed a dangerous construction area without assistance." We reverse and reinstate the complaint.

The issue presented is whether defendant met his burden of establishing, as required to prevail on a motion for summary judgment, that the defective condition of the floor was "open and obvious," and that he was not otherwise responsible for plaintiff's injuries as a matter of law. As the Court of Appeals observed in *Tagle v Jakob* (97 NY2d 165 [2001]), a landowner has no duty to warn of an open and obvious hazardous condition, one which would be apparent to "[a]ny observer reasonably using his or her senses" (*id.* at 170). However, "in cases where reasonable minds might disagree as to the extent of plaintiff's knowledge of the hazard," the question of liability for failure to warn is within the province of the jury (*Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]).

Plaintiff's deposition testimony, her affidavit and Olaya's affidavit present us with irreconcilable accounts of the condition of the floor in the defendant's bedroom and the events preceding plaintiff's accident, which preclude summary judgment. While plaintiff testified that the plywood or sheetrock subfloor did not appear to be dangerous to walk on, Mr. Olaya's affidavit stated that the entire floor had been removed and that beams were exposed. Olaya also swore that he offered to place plywood on the floor, and that plaintiff disregarded his warnings not to walk in that area.

The conflicts require jury resolution of a number of decisive questions, including whether the dangerous condition of the bedroom floor was open and obvious (*Liriano, supra*), whether, if the hazard was latent, defendant provided an adequate warning to safeguard plaintiff from injury, and whether plaintiff was comparatively negligent (*Piluso v Bell Atl. Corp.*, 305 AD2d 68 [2003]; *Brady v Dunlop Tire Corp.*, 275 AD2d 503 [2000]). Concur—Nardelli, J.P., Mazzarelli, Ellerin and Gonzalez, JJ.