SECOND DEPARTMENT, SEPTEMBER, 2005

(September 6, 2005)

■ ALLEN BENZAKEN et al., Appellants-Respondents, v VERIZON COMMUNICATIONS, INC., Respondent, and "JOHN" TALARICO, Respondent-Appellant. [800 NYS2d 746]—

In an action, inter alia, to recover damages for conversion, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 27, 2004, as granted the motion of the defendant Verizon Communications, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and the defendant "John" Talarico separately appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs, and the complaint is dismissed in its entirety.

The defendant "John" Talarico was accused of stealing jewelry from a jewel box and night-table drawer in the plaintiffs' master bedroom on the afternoon of June 6, 2001. The jewelry was last seen at 10:00 A.M. on June 6, 2001 when the plaintiffs left the house together. The plaintiff Margo Benzaken discovered that the jewelry was missing about nine hours later at around 7:00 P.M.

The plaintiffs' deposition testimony established that during the course of the day, the house was occupied by the plaintiffs' live-in housekeeper, the plaintiffs' four children, and the plaintiff Allen Benzaken's sister-in-law. There is no evidence in the record as to whether additional individuals were present in the house when the plaintiffs were not present. Talarico was alone in the master bedroom at around 3:00 P.M. since he had to walk through the master bedroom to check on a telephone line he had just installed.

In response to Talarico's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs attempted to raise a triable issue of fact through circumstantial evidence. Circumstantial evidence is sufficient if a defendant's conduct may be "reasonably inferred" based upon "logical inferences to be drawn from the evidence" (*Staples v Sisson*, 274 AD2d 779, 781 [2000]). In the instant case, the plaintiffs' submissions constituted pure speculation. Although Talarico had access to the location where the jewelry was stored, other individuals had equal or better access. The inference that Talarico was responsible for the disappearance of the jewelry is based upon the plaintiffs' opinion of the character of the various persons who they knew had access, and the fact that Talarico was the only individual

personally unknown to them who, to their knowledge, had access. Such speculation is improper.

In support of their argument that Talarico was not entitled to summary judgment, the plaintiffs rely upon *Gayle v City of New York* (92 NY2d 936, 937 [1998]), which dealt with the sufficiency of proof that a defective condition for which the defendant was responsible constituted a proximate cause of the injury. However, the issue in this case is not whether Talarico's wrongful conduct constituted a proximate cause of the loss. Rather, the issue here is whether Talarico committed any wrong. There is no evidence in this record indicating that Talarico committed any wrong.

Accordingly, Talarico's cross motion for summary judgment dismissing the complaint insofar as asserted against him should have been granted.

The Supreme Court properly granted the motion of Talarico's employer, Verizon Communications, Inc., for summary judgment dismissing the complaint insofar as asserted against it (*see Manno v Mione*, 249 AD2d 372 [1998]). H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.