■ SANDRA OLIVER, Appellant-Respondent, v TANNING BED, INC., et al., Respondents-Appellants. [857 NYS2d 242]—

Mercure, J.P. (1) Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered November 14, 2006 in Broome County, which partially granted defendants' motion for summary judgment, and (2) appeal from an order of said court (Rumsey, J.), entered June 22, 2007 in Broome County, which denied plaintiff's motion to vacate or resettle the prior order.

Plaintiff alleges that after 18 minutes of tanning at defendants' salon, she suffered second degree burns over 65% of her body and was hospitalized twice. Plaintiff asserts that she developed a back injury as a result of inactivity during the hospitalizations, requiring her to lose weight and necessitating gastric bypass surgery. Thereafter, plaintiff commenced this action against defendants, alleging negligence, violation of the Federal Food, Drug, and Cosmetic Act (*see* 21 USC § 301 *et seq.*) and misrepresentation. Following joinder of issue, defendants moved for, as relevant here, summary judgment dismissing the complaint.

In August 2006, Supreme Court (Relihan, Jr., J.) issued an oral decision partially granting defendants' motion and directing them to present a proposed order. Evidently, no stenographer was present and the parties dispute which portions of the complaint were dismissed, with plaintiff asserting that the court did not dismiss her claims related to her dependency on pain medication, back injury and cancellation of back surgery. When plaintiff raised these objections before Supreme Court in a timely fashion after receiving a notice of settlement and a copy of a proposed order from defendants, the court informed her that defendants had not yet presented the order to it. In fact, however, the court had previously signed the proposed order on November 2, 2006.*

Plaintiff, who remained unaware that the order was signed, asserts that defendants did not respond to her requests for in-

* The order granted defendants partial summary judgment dismissing all claims with respect to the gastric bypass surgery, dependency on pain medication, cancellation of back surgery "and all alleged injuries and/or damages for which the incident of August 11, 2001 is not a proximate cause."

formation regarding the status of the order until serving her with a copy of the order and notice of its entry on January 2, 2007, just after the assigned Justice retired. Plaintiff then moved to vacate the order on the ground that it was untimely submitted to the court or for resettlement to correct the alleged inconsistency with the court's oral decision. Supreme Court (Rumsey, J.) denied the motion to resettle on the ground that the court could not determine whether the order deviated from the oral decision in the absence of any record of that decision. Plaintiff and defendants now cross-appeal from the November 2006 order and plaintiff appeals from the order denying her motion to vacate or resettle.

Upon their cross appeal, defendants argue that the complaint should be dismissed in its entirety because plaintiff's conduct in consciously choosing to tan for a time period longer than recommended was the sole proximate cause of the incident. In the alternative, defendants argue that they owed no duty to warn plaintiff because the risk of injury from tanning was open and obvious. We disagree.

Defendants concede that their tanning salon used stronger bulbs than other salons used, and that it was defendants' policy to so warn all customers. Indeed, an employee of defendants indicated in deposition testimony that if a customer insisted on exceeding the recommended time limits, defendants required the customer to sign a waiver indicating that he or she was aware that the lamps were "much stronger than the lamps used at other tanning centers" and of "the definite risk of serious sunburn." Although another of defendants' employees testified that plaintiff was warned that she should tan for no more than 10 minutes and that she signed consent forms, such forms are not contained in the record and plaintiff asserts that defendants' employee did not warn her in any respect.

In our view, defendants failed to establish prima facie that the hazard of sunburn presented by their use of more intense tanning bulbs was open and obvious as a matter of law such that they had no duty to warn plaintiff (see Brady v Dunlop Tire Corp., 275 AD2d 503, 504-505 [2000]; see also Soto v New York City Tr. Auth., 6 NY3d 487, 492 [2006]; cf. Tagle v Jakob, 97 NY2d 165, 169-170 [2001]). Moreover, the conflicting accounts of whether plaintiff was appropriately warned create credibility questions that cannot be resolved on a motion for summary judgment (see Rosenbaum v Camps Rov Tov, 285 AD2d 894, 895 [2001]). Furthermore, under the circumstances presented, it cannot be said that plaintiff's conduct in choosing to tan for longer than the recommended time was " 'unforesee-

able . . . [and rose] to such a level of culpability as to replace the defendant[s'] negligence as the legal cause of the accident' " (*id.* at 895 [citation omitted]; *see Abair v Town of N. Elba,* 35 AD3d 935, 936 [2006]). Accordingly, Supreme Court properly declined to dismiss the complaint in its entirety.

With respect to plaintiff's appeal from the denial of her motion to vacate the initial order on the ground that it was untimely submitted, we conclude that Supreme Court did not abuse its discretion in accepting defendants' untimely submission of the order for signature (*see* 22 NYCRR 202.48 [b]; *Hoyt v Hoyt,* 18 AD3d 1055, 1058 [2005]). Regarding plaintiff's appeal from so much of the initial order as granted defendants partial summary judgment dismissing the claims of dependency on pain medication and cancellation of back surgery, as well as her appeal from the denial of her motion to resettle, we note again that the parties cannot provide a transcript of Supreme Court's oral decision and they dispute the scope of the dismissal of plaintiff's claims both in the oral decision and in the order. Given the unique procedural posture of this case, lack of record of Supreme Court's oral decision, the parties' failure to agree on which claims Supreme Court intended to dismiss, and the retirement of the assigned Justice, we now reverse so much of the order as granted defendants summary judgment on any claims other than those related to plaintiff's gastric bypass surgery. Defendants may file another motion for summary judgment within 60 days of the date of this decision, if they be so advised.

In light of our decision, plaintiff's appeal from the denial of her motion to resettle is rendered academic.

Spain, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order entered November 14, 2006 is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for partial summary judgment on any claims other than those related to plaintiff's gastric bypass surgery; motion denied to that extent; and as so modified, affirmed. Ordered that the order entered June 22, 2007 is affirmed, without costs.