■ STEPHEN J. SULLIVAN et al., Respondents, v SCHINDLER ELEVATOR CORPORATION, Appellant. [941 NYS2d 790]—

McCarthy, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered February 18, 2011 in Fulton County, which denied defendant's motion for summary judgment dismissing the complaint.

In 2001, plaintiff Stephen J. Sullivan (hereinafter plaintiff) was working as a security guard at the State Museum in the City of Albany. He tripped as he entered an elevator that had misleveled (i.e., stopped above the floor level) by approximately three inches, resulting in injuries. Plaintiff and his wife, derivatively, commenced this action against defendant, the company under an exclusive contract to perform maintenance

---

and service on elevators at the museum. Defendant moved for summary judgment dismissing the complaint, based upon a lack of notice regarding any problems with the elevator. Supreme Court denied the motion. Defendant appeals.

"A company which contracts to maintain and service elevators so that they operate safely is subject to liability for injuries to a passenger for failure to correct a condition that is known to it or should have been discovered and corrected by the company's use of reasonable care" (*Oettinger v Montgomery Kone, Inc.*, 34 AD3d 969, 969-970 [2006] [citation omitted]; *see Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]). Defendant submitted its work tickets for all elevators at the museum, billing records, a site history report, and maintenance logs maintained by the state, none of which noted any problems with the particular elevator involved in plaintiff's accident. The records reflect that defendant's employees checked or maintained the elevators on a daily basis during the week. Defendant also submitted the affidavits of its two field technicians, who averred that they had no recollection or knowledge of any complaints that this elevator misleveled during the one-year period prior to the accident, they would have written any such complaints in the service records, a review of the records reflected a lack of complaints and they had no reason to believe that the elevator was not operating properly. Through these submissions, defendant met its initial burden of demonstrating that it lacked actual or constructive notice of a defective condition concerning the elevator (*see De Sanctis v Montgomery El. Co.*, 304 AD2d 936, 936-937 [2003]; *Tashjian v Strong & Assoc.*, 225 AD2d 907, 908-909 [1996]).

In opposition, plaintiff submitted his affidavit stating that he had observed the particular elevator in question malfunction approximately 12 times, with two or three times involving the doors not opening properly and 9 or 10 times involving the elevator not leveling properly. He would call defendant's technicians about these problems. If a technician could not be reached, he would write a note in a log book. Plaintiff attempted to obtain a copy of that log book, but the state informed him that it could not be located. Plaintiff averred that during the four years prior to his accident, he personally called defendant's two field technicians approximately 35 times concerning elevator problems and was aware that his coworkers also called the technicians to report elevator problems, including problems with the elevator in question. Although the affidavit was more specific and differed somewhat from plaintiff's earlier deposition testimony, the affidavit generally did not directly contradict his prior testimony.

Thus, it cannot be seen as an attempt to avoid the consequences of his prior testimony by creating a feigned question of fact, but instead merely raised a credibility issue (*compare Keenan v Munday*, 79 AD3d 1415, 1417 [2010], *with Richter v Collier*, 5 AD3d 1003, 1004 [2004]). Viewing the evidence in the light most favorable to plaintiff, his statements created a question of fact as to whether defendant had notice that the elevator in question had defects that could cause it to mislevel (*see Oliver v Tanning Bed, Inc.*, 50 AD3d 1259, 1261 [2008]). Accordingly, Supreme Court properly denied defendant's motion for summary judgment (*see Miguel v 41-42 Owners Corp.*, 57 AD3d 488, 490-491 [2008]).

Mercure, A.P.J., Lahtinen, Spain and Stein, JJ., concur. Ordered that the order is affirmed, with costs.