In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated June 19, 2012, as granted the motion of the defendants Terrace 100, L.E, and Hempstead Industrial Development Agency for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of a judgment of the same court dated October 31, 2012, as, upon the order, is in favor of those defendants and against him dismissing the complaint insofar as asserted against those defendants.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Terrace 100, L.E; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the motion of the defendants Terrace 100, L.E, and Hempstead Industrial Development Agency which was for summary judgment dismissing the complaint insofar as asserted against the defendant Terrace 100, L.E, is denied, the order dated June 19, 2012, is modified accordingly, and the complaint is reinstated against that defendant.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CFLR 5501 [a] [1]).
The plaintiff was injured in a fall from a window or window ledge during the course of a fire at an apartment complex owned by the defendant Terrace 100, L.E (hereinafter Terrace). The plaintiff alleged, inter alla, that he became disoriented during the fire as a result of inhaling smoke. The plaintiff commenced this lawsuit seeking damages against Terrace and Hempstead *913 Industrial Development Agency (hereinafter Hempstead IDA), a development agency which provided financing to Terrace for the purchase of the apartment complex. Terrace and Hempstead IDA thereafter moved together for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted the motion.
Terrace met its burden of establishing its prima facie entitlement to judgment as a matter of law by offering evidence sufficient to demonstrate that it maintained the subject apartment building where the plaintiff was staying “ ‘in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk’ ” (Peralta v Henriquez, 100 NY2d 139, 144 [2003], quoting Basso v Miller, 40 NY2d 233, 241 [1976]). Specifically, the affidavits of Terrace’s property manager and several of its tenants who were present on the night of the fire were sufficient to show, prima facie, that the fire alarms, stairwell lights, and the affiants’ self-closing apartment doors were operating at the time (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). However, in response, the plaintiff submitted, inter alia, an affidavit from his expert which raised a triable issue of fact as to whether Terrace breached its duty of care by failing to maintain the self-closing doors. The expert opined that several of the building’s self-closing doors, including those in the subject apartments and nearby stairwells, failed to properly function on the night of the fire, and this, in turn, caused a heavy smoke condition to permeate the area (see Benzaken v Verizon Communications, Inc., 21 AD3d 864, 865 [2005]; Staples v Sisson, 274 AD2d 779, 781 [2000]; see also Hyatt v Price Chopper Operating Co., Inc., 90 AD3d 1218 [2011]).
Moreover, Terrace failed to establish, prima facie, that the plaintiff’s act of standing on or near the open window’s ledge was the sole proximate cause of his fall. Given that the plaintiff allegedly was disoriented from inhaling smoke and carbon monoxide, his conduct could have been a natural and foreseeable consequence of a circumstance allegedly created by Terrace (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; Soomaroo v Mainco El. & Elec. Corp., 41 AD3d 465 [2007]). Since Terrace failed to meet its initial burden as to this issue, the sufficiency of the plaintiff’s opposition need not be considered (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Therefore, the Supreme Court should have denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Terrace.
*914 However, the Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Hempstead IDA. Through the testimony of one its principals, Hempstead IDA established that it is a development agency whose only interest in the subject property was for the purpose of financing Terrace’s purchase thereof. Accordingly, Hempstead IDA demonstrated its prima facie entitlement to judgment as a matter of law (see Smith v New York City Indus. Dev. Agency, 265 AD2d 477 [1999]; Matter of Erie County Indus. Dev. Agency v Roberts, 94 AD2d 532 [1983], affd 63 NY2d 810 [1984]). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, the parties’ remaining contentions need not be addressed. Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur.