■ MARIBEL GALLARDO, Appellant, v DENNIS GILBERT et al., Respondents, et al., Defendant. [59 NYS3d 801]—In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated July 7, 2015, as granted the motion of the defendants Dennis Gilbert and Nancy Gilbert for summary judgment dismissing the complaint insofar as asserted against them, and (2) from a judgment of the same court entered August 19, 2015, which, upon the order, is in favor of the defendants Dennis Gilbert and Nancy Gilbert and against her dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order dated July 7, 2015, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion of the defendants Dennis Gilbert and Nancy Gilbert for summary judgment dismissing the complaint insofar as asserted against them is denied, the complaint is reinstated insofar as asserted against those defendants, and the order dated July 7, 2015, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the

right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff allegedly was injured while performing cleaning services in a home owned by the defendants Dennis Gilbert and Nancy Gilbert (hereinafter together the homeowners). As the plaintiff was cleaning the attic, she stepped off a plywood landing and fell through the sheetrock ceiling of the garage below. The plaintiff commenced this action against, among others, the homeowners to recover damages for her injuries. After discovery, the homeowners moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the homeowners' motion, and the plaintiff appeals.

Landowners have a duty to maintain their premises in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241-242 [1976]). However, there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Miller v Costco Wholesale Corp.*, 125 AD3d 828, 828 [2015]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932 [2010]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). "While the issue of whether a hazard is . . . open and obvious is generally fact-specific and thus a jury question, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence" (*Tagle v Jakob*, 97 NY2d 165, 169 [2001] [citations omitted]).

Here, the homeowners failed to establish their prima facie entitlement to judgment a matter of law, as they failed to establish that the insufficient weight-bearing capacity of the sheetrock ceiling was open and obvious and not inherently dangerous as a matter of law (*see Kimen v False Alarm, Ltd.*, 69 AD3d 579 [2010]; *Bruker v Fischbein*, 2 AD3d 254 [2003]). Since the homeowners failed to make the requisite showing, the sufficiency of the plaintiff's papers in opposition need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied the homeowners' motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.