Grosse v Olsen (2018 NY Slip Op 05829)





Grosse v Olsen


2018 NY Slip Op 05829


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-05594
 (Index No. 28216/13)

[*1]Chase Grosse, respondent, 
v
Steven Olsen, et al., appellants.


Goldberg Segalla LLP, Garden City, NY (Brendan Fitzpatrick and Brian W. McElhenny of counsel), for appellants Bertolino Brothers Pools, Inc., and South Shore Pools, Inc.
Law Offices of Bello & Larkin, Hauppauge, NY (Robert X. Larkin of counsel), for appellants Steven Olsen and Cathy Olsen.
Goidel & Siegel LLP, New York, NY (Jonathan Goidel and Bryan Goldstein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Bertolino Brothers Pools, Inc., and South Shore Pools, Inc., appeal, and the defendants Steven Olsen and Cathy Olsen separately appeal, from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated January 29, 2016. The order, insofar as appealed from by the defendants Bertolino Brothers Pools, Inc., and South Shore Pools, Inc., denied their motion for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendants Steven Olsen and Cathy Olsen, denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs.
On July 13, 2010, the plaintiff allegedly sustained neck injuries after he dove into an in-ground swimming pool at the residence of the defendants Steven Olsen and Cathy Olsen (hereinafter together the Olsen defendants). The curved swimming pool was equipped with a built-in bench inside the pool along the wall beginning at a rope float that divided the shallow and the deep ends of the pool, and that extended toward the shallow end below the curved edge. The rope float went across the very far edge of the bench seat, near where the depth of the pool changed from shallow to deep. In addition, unbeknownst to the plaintiff, the pool contained a shallow area extending a few feet from the far bottom edge of the built-in bench into the deeper end of the pool. The plaintiff, who had never swum in the pool before, allegedly struck his chin on the shallow area that extended from the bottom edge of the bench as he dove from the side of the pool into the deeper end. There were no signs warning of that condition and no depth indicators inside or surrounding the pool. The defendant Bertolino Brothers Pools, Inc. (hereinafter Bertolino Brothers), built the pool in 2001, and the defendant South Shore Pools, Inc. (hereinafter South Shore), replaced the pool liner in 2007.
Subsequently, the plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, that the swimming pool was negligently designed and constructed due to an allegedly unmarked dangerous condition in the deep end of the pool. Following discovery, Bertolino Brothers and South Shore (hereinafter together the Bertolino defendants) moved, and the Olsen defendants separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied those motions. The Olsen defendants and the Bertolino defendants separately appeal.
We agree with the Supreme Court that the Bertolino defendants and the Olsen defendants each failed to establish their prima facie entitlement to judgment as a matter of law. With respect to the Bertolino defendants, generally, a contractual obligation of a third party does not give rise to liability in tort to persons not a party to the contract (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Ragone v Spring Scaffolding, Inc., 46 AD3d 652, 654). An exception exists, however, where the contractor created a dangerous condition or increased the risk of harm to others in its undertaking (see Espinal v Melville Snow Contrs., 98 NY2d at 140; George v Marshalls of MA, Inc., 61 AD3d 925; Georgotas v Laro Maintenance Corp., 55 AD3d 666; Vignapiano v Herbert Constr. Co., 46 AD3d 544). Here, the plaintiff's allegation that the Bertolino defendants negligently designed and constructed the subject pool by incorporating the allegedly dangerous condition falls within this exception (see Van Salisbury v Elliot-Lewis, 55 AD3d 725, 726; Ragone v Spring Scaffolding, Inc., 46 AD3d at 654). Moreover, the Bertolino defendants failed to establish, prima facie, that the alleged condition was not dangerous or that it did not unreasonably increase the risk of harm to those diving off the side of the pool, even though, as their expert opined, it was located outside the "diving water envelope," which the expert described as the "area without constructed intrusions" (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; George v Marshalls of MA, Inc., 61 AD3d at 928-929).
As to the Olsen defendants, "[t]he owner of a private residential swimming pool has a duty to maintain the pool in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury and the burden of avoiding the risk" (Herrera v Piano, 125 AD2d 548, 548-549; see Basso v Miller, 40 NY2d 233; Price v Kowalski, 258 AD2d 637, 637). "What accidents are reasonably foreseeable, and what preventive measures should reasonably be taken, are ordinarily questions of fact" (Sarbak v Sementilli, 51 AD3d 1001, 1002 [internal citations omitted]). However, there is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses (see Capasso v Village of Goshen, 84 AD3d 998, 99; Cupo v Karfunkel, 1 AD3d 48, 51). Here, the Olsen defendants, who did not deny notice of the allegedly dangerous condition, failed to establish, prima facie, that the condition at issue was not inherently dangerous and that it was readily observable by the reasonable use of one's senses (see Gallardo v Gilbert, 153 AD3d 791,792; Mahoney v AMC Entertainment, Inc., 103 AD3d 855, 856).
In addition, the Bertolino defendants and the Olsen defendants failed to make a prima facie showing that the plaintiff's conduct was the sole proximate cause of his injuries (see Kriz v Schum, 75 NY2d 25, 36; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Wolfe v North Merrick Union Free Sch. Dist., 122 AD3d 620, 622; Dorval v Terrace 100, L.P., 116 AD3d 912, 913), and failed to establish that the doctrine of primary assumption of risk bars plaintiff's recovery (see Simone v Doscas, 142 AD3d 494, 494; Freeman v Village of Hempstead, 120 AD3d 1393, 1392; Herman v Lifeplex, LLC, 106 AD3d 1050, 1051).
As a consequence of the defendants' failure to establish their prima facie entitlement to judgment as a matter of law, we need not examine the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court denial of the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court