Crosby v Southport, LLC (2019 NY Slip Op 00852)





Crosby v Southport, LLC


2019 NY Slip Op 00852


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-01041
 (Index No. 150416/13)

[*1]Joseph K. Crosby, et al., respondents, 
v
Southport, LLC, et al., appellants, et al., defendants.


Cullen and Dykman LLP, New York, NY (Kevin C. McCaffrey, Timothy J. Flanagan, and Molly Blaase of counsel), for appellant Southport, LLC.
Haworth Coleman & Gerstman, LLC, New York, NY (Scott Haworth of counsel), for appellant Xerox State & Local Solutions, Inc.
Fortunato & Fortunato, PLLC, Brooklyn, NY (Louis A. Badolato and Annamarie Fortunato of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Southport, LLC, appeals, and the defendant Xerox State & Local Solutions, Inc., separately appeals, from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated January 6, 2017. The order, insofar as appealed from by the defendant Southport, LLC, denied that defendant's motion for leave to renew its prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, which was denied in an order of the same court dated June 3, 2016. The order, insofar as appealed from by the defendant Xerox State & Local Solutions, Inc., denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from by the defendant Southport, LLC, that defendant's motion for leave to renew its prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, upon renewal, so much of the order dated June 3, 2016, as denied that defendant's prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is vacated, and thereupon, that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Xerox State & Local Solutions, Inc.; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendant Xerox State & Local Solutions, Inc.
The plaintiff Joseph Crosby (hereinafter Crosby) allegedly was injured while in a bathroom at premises leased by the defendant Xerox State & Local Solutions, Inc. (hereinafter Xerox), in a building owned by the defendant Southport, LLC (hereinafter Southport). Crosby approached a sink and stepped on an extension cord which was plugged into a portable water heater under the sink. He felt the cord roll under his foot, and then he fell backwards to the floor.
Crosby, and his wife suing derivatively, commenced this action against Southport, Xerox, and others to recover damages for personal injuries. Southport moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing that it was an out-of-possession landlord which could not be held liable for Crosby's injuries. In an order dated June 3, 2016, the Supreme Court denied Southport's motion. Southport thereafter moved for leave to renew its motion based on newly obtained deposition testimony. In that testimony, a facilities department employee of Xerox stated that he had installed the extension cord because the outlet next to the portable water heater shorted out after water from the sink spilled onto it, and that the problem with the outlet was not associated with any building-wide electrical problem. Xerox also moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing, among other things, that the sole proximate cause of the accident was Crosby's failure to observe the open and obvious condition of the extension cord. In an order dated January 6, 2017, the Supreme Court denied both motions. Southport appeals from so much of the order as denied its motion for leave to renew its prior motion, while Xerox separately appeals from the denial of its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
The Supreme Court improvidently exercised its discretion in denying Southport's motion for leave to renew. A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]; Dupree v Westchester County Health Care Corp., 164 AD3d 1211; Perlman v Perlman, 163 AD3d 730, 733). Here, Southport submitted newly acquired deposition testimony in support of the motion which warranted a change in the prior determination denying its motion for summary judgment. Accordingly, its motion for leave to renew should have been granted (see e.g. Buongiovanni v Hasin, 162 AD3d 736, 738-739; NYCTL 2009-A Trust v Kimball Group, LLC, 158 AD3d 635, 636).
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct'" (Casson v McConnell, 148 AD3d 863, 864, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534; Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 642; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 565-566).
The new evidence submitted on Southport's renewal motion established that it did not create the allegedly defective condition, nor did it assume a duty in the lease or through a course of conduct to repair non-structural conditions in the subject bathroom. Moreover, the new evidence established, prima facie, that Southport did not retain sufficient control over, or have notice of, the conditions which allegedly caused Crosby's accident so as to subject it to liability. In opposition to this prima facie showing of entitlement to summary judgment, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, upon renewal, the Supreme Court should have granted Southport's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
Under the circumstances of this case, we decline to award costs to Southport, since its renewal motion and renewed request for summary judgment were based on depositions that were not conducted until after the issuance of the June 3, 2016, order denying its initial motion for summary judgment. Had Southport more appropriately waited until all relevant depositions and disclosure had been concluded before making its initial motion for summary judgment, its ensuing motion for leave to renew, and this appeal from the denial of that motion, would have been unnecessary.
We agree with the Supreme Court's denial of Xerox's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. "[P]roof that a dangerous condition is open and obvious does not preclude a finding of liability against a landowner for the failure to maintain the property in a safe condition but is relevant to the issue of the plaintiff's comparative negligence" (Cupo v Karfunkel, 1 AD3d 48, 52; see Lopez-Calderone v Lang-Viscogliosi, 127 AD3d 1143, 1145). Thus, to obtain summary judgment, a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous (see Cupo v Karfunkel, 1 AD3d at 52). "In such circumstances, the condition which [*2]caused the accident cannot fairly be attributed to any negligent maintenance of the property" (id.).
Here, Xerox failed to establish, prima facie, that the subject extension cord was not an inherently dangerous tripping hazard (see Klee v Cablevision Sys. Corp., 77 AD3d 794, 795; Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061, 1062), and, in any event, the affidavit of the plaintiffs' expert raised a triable issue of fact with respect to this issue (see Julianne Oldham-Powers v Longwood Cent. Sch. Dist., 123 AD3d 681, 682-683).
Xerox further failed to establish, prima facie, that Crosby's conduct was the sole proximate cause of his accident. It cannot be said as a matter of law that Crosby's act of walking toward the sink despite his previous observation of the extension cord was unforeseeable, or that it rose to such a level of culpability as to supersede the alleged negligence of Xerox and constitute the sole proximate cause of the accident (see Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1319; Mooney v Petro, Inc., 51 AD3d 746, 747; Oliver v Tanning Bed, Inc., 50 AD3d 1259, 1261-1262).
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court