| |
|---|
| **Infinity Auto Ins. Co. v Perez** |
| 2026 NY Slip Op 30986(U) |
| March 16, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 153878/2024 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. LESLIE A. STROTH**                    PART                    **12M**

                                                         *Justice*

-------------------------------------------------------------------------X

INFINITY AUTO INSURANCE COMPANY,                         INDEX NO.          153878/2024

                                 Plaintiff,              MOTION DATE        11/10/2025

                    - v -                                MOTION SEQ. NO.        002

ELIDA MARIA PEREZ, ESMERALDO RODRIGUEZ, JOSE
CONFESSOR ALEJO CRUZ, RUBEN MATEO, ABDU
CARE PT PC,ATLANTIC MEDICAL & DIAGNOSTIC,
PC,BETTER SOON RX INC, BL PAIN MANAGEMENT
PLLC,BMM LIFE ESSENTIAL SERVICES INC, CADS
ANESTHESIA SERVICES PLLC,CAPLET PHARMACY INC,
CENTENO PHYSICAL THERAPY, PC,CITIMED
COMPLETE MEDICAL CARE PC,COMPASSION MEDICAL
CARE, PLLC,COMPLETE NEUROPSYCHOLOGY,
PC,DIANA BEYNIN, EDX MEDICAL SUPPLY, INC, FAMILY
RX CORP, FUTURE CARE INTERNAL MEDICINE,
GLENMORE MEDICAL, PC,GLOBAL ORTHO INC,
GLOBAL SURGERY CENTER LLC,GOTHAM SUPPLY
GROUP, INC, IMAGING CENTER OF ENGLEWOOD,              **DECISION + ORDER ON**
LLC,JORDAN FERSEL, JORDAN FERSEL MD, PC,JR                 **MOTION**
MEDICAL PC,JUAN D DELACRUZ, KONATA SOLOMON
STALLINGS, LANG EQUIPMENT INC, MANO
CHIROPRACTIC, PC,MEDEX SUPPLIES INC, MIDLAND
PHARMACY YONKERS CORP, MND CHIROPRACTIC,
PC,N AND J HOME CARE, INC, ORTHO CHOICE INC,
PARS MEDICAL, PC,PROMPT RECOVERY MED, INC,
RANA UNITED, INC, RED MEDICAL SUPPLY INC, REFUA
RX INC, RIDGEWOOD DRUG INC, ROTECH IMAGING
SERVICE, INC, SAFE ANESTHESIA AND PAIN
SERVICES, LLC,SCOB, LLC,STAND-UP MRI OF THE
BRONX PC,TANIYN LEASING CORP, TITAN DIAGNOSTIC
IMAGING SERVICES, INC, TOV MEDICAL SUPPLY INC,
TRUE RECOVERY SUPPLY INC, UNITY CARE PHYSICAL
THERAPY PC,W JOSEPH GORUM MD PC,WELCOME
ACUPUNCTURE, PC,WENDELL JOSEPH GORUM

                            Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123

were read on this motion to/for                JUDGMENT - SUMMARY                .

        Plaintiff Infinity Auto Insurance Company ("Plaintiff") commenced this action after an

automobile accident on October 6, 2022. Plaintiff posits that they received an undated Report of

[* 1]

Motor Vehicle Accident ("Report") that describes the accident: Esmeraldo Rodriguez ("Driver") was driving a motor vehicle carrying three other passengers (Elida Maria Perez, Jose Confessor Alejo Cruz, and Ruben Mateo, collectively "Passengers") when the car was struck by another vehicle. The Report details injuries sustained by Driver and Passengers, but does not indicate whether police responded to the scene, and does not indicate whether Driver and Passengers requested and/or received medical attention at the scene. Nevertheless, Driver and Passengers all claim bodily injuries as a result of the accident.

Plaintiff issued an automobile insurance policy ("Policy") for the subject vehicle to non-party Orlando Correa Rodriguez. The Policy covers any occupants of the vehicle for medical necessity and causally related medical expenses that arise out of the operation of the insured vehicle as a result of an accident. Plaintiff argues that there was no coverage for the collision, because Plaintiff alleges that Driver and Passengers made false statements regarding their injuries, and whether the injuries were the result of the accident.

Plaintiff requested medical examinations under oath ("EUO") of the Driver and the Passengers. Driver appeared for a EUO, and Plaintiff was billed for said EUO by Defendant Flex Med Supply, Inc. Passenger Perez failed to appear for the first EUO, and appeared for the second; thereafter, Plaintiff was billed by Defendant Tov Medical Supply, Inc. Passenger Cruz appeared for an EUO, and Plaintiff was billed by Defendant Glenmore Medical PC. Passenger Mateo failed to appear for two scheduled EUOs.

The three EUOs revealed inconsistencies that Plaintiff alleges create uncertainty as to the legitimacy of the accident, and the medical necessity of the medical treatment, including whether the claimed injuries are causally related to the accident. Plaintiff denied the claims based on these inconsistencies.

153878/2024  INFINITY AUTO INSURANCE COMPANY vs. PEREZ, ELIDA MARIA ET AL        Page 2 of 6
Motion No.  002

2 of 9

[* 2]

Plaintiff moves for summary judgment as against Defendants Better Soon Rx Inc.; Caplet Pharmacy Inc.; EDX Medical Supply, Inc.; Global Surgery Center LLC; Imaging Center of Englewood, LLC; Jordan Fersel MD; Medex Supplies Inc; Midland Pharmacy Yonkers Corp.; and Rana United, Inc. (collectively, "Medical Provider Defendants"). Plaintiffs allege that the no-fault treatment submitted by Medical Provider Defendants was not causally related to the accident, and that therefore, Plaintiffs rightfully denied the Defendants' claims. Moreover, Plaintiffs allege that failure to comply with 11 NYCRR § 65-1.1 warrants summary judgment. For the reasons outlined below, Plaintiff's Motion is granted.

**LEGAL STANDARD**

To prevail on a motion for summary judgment pursuant to CPLR § 3212, the movant must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 323 [1986]). Once the movant submits competent proof demonstrating that there is no substance to its opponent's claims and no disputed issues of fact, the opponent, in turn, is required to "lay bare [its] proof and come forward with some admissible proof that would require a trial of the material questions of fact on which [its] claims rest" (*Ferber v Sterndent Corp.*, 51 NY2d 782, 783 [1980]). The party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted (*see Dauman Displays, Inc. v Masturzo*, 168 AD2d 204, 205 [1st Dept 1990]).

Under 11 NYCRR § 65-1.1,

> Upon request by the Company, the eligible injured person or that person's assignee or representative shall… reasonably be required submit to examinations under oath by any person named by the Company and subscribe the same;… [and] provide any other pertinent information that may assist the Company in determining the amount due and payable.

153878/2024  INFINITY AUTO INSURANCE COMPANY vs. PEREZ, ELIDA MARIA ET AL
Motion No.  002

Page 3 of 6

3 of 9

[* 3]

Under these terms, "[n]o action shall lie against the Company, unless…, there shall have been full compliance with the terms of this coverage" (*Id.*)

An EUO must be demanded by an insurer no later than 15 days of receipt of proof of a claim (*Sure Way NY, Inc. v Travelers Ins. Co.*, 56 Misc3d 289, 292 [Sup Ct, Kings County 2016]). An insurance company's remedies are the same regardless of whether an EUO was scheduled before or after the company receives the claim (*Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.*, 35 AD3d 720, 722 [2d Dept 2006]). Failure to appear for a scheduled EUO warrants the granting of summary judgment in favor of the insurance provider (*Kemper Independence Ins. Co. v Cornerstone Chiropractic, P.C.*, 185 AD3d 468, 469 [1st Dept 2020]). After the EUO is conducted, a condition precedent to obtaining coverage includes subscribing and returning the transcript of the EUO, and the failure to subscribe and return the EUO transcript warrants denial of the claims (*id.*, at 468 [citing *Hereford Ins. Co. v Forest Hills Med., P.C.*, 172 AD3d 567 [1st Dept 2019]).

An insurance provider "may assert a lack of coverage defense premised on the fact or founded belief that the alleged injury does not arise out of an insured incident" (*Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195, 199 [1997]). In proof of such a defense, "[c]ircumstantial evidence is sufficient if a party's conduct 'may be reasonably inferred based upon logical inferences to be drawn from the evidence'" (*V.S. Med. Servs., P.C. v Allstate Ins. Co.*, 11 Misc.3d 334, 342 [Civ. Ct. Kings County 2006] quoting *Benzaken v Verizon Communications, Inc.*, 21 AD3d 864, 865 [2d Dept 2005]).

### DISCUSSION

Passenger Mateo was noticed for an EUO on December 7, 2022, fifteen days after Plaintiff received a bill for services rendered to Passenger Mateo. Mateo failed to appear for his

[* 4]

EUO which was scheduled for December 21, 2022. After a second EUO notice, scheduled for January 11, 2023, Passenger Mateo still failed to appear for the EUO. Due to Passenger Matteo's failure to appear for his EUO and his failure to submit an opposition to the present Motion, Plaintiff is entitled to summary judgment against Passenger Matteo's medical providers.

Driver and Passenger Cruz appeared for their EUOs on December 21, 2022, and December 22, 2022, respectively. Plaintiff alleges that Driver and Passenger Cruz failed to return a subscribed copy of their EUO transcripts. Plaintiff's Motion is unopposed. As such, Plaintiff is entitled to summary judgment against the medical providers for Driver and Passenger Cruz for failure to return a subscribed copy of their EUO transcripts to Plaintiff.

Passenger Perez appeared for their EUO on January 12, 2023. Plaintiff argues that summary judgment is proper against Passenger Perez and the remaining Medical Provider Defendants due to "a founded belief that the injuries or treatments are unrelated to the collision" (Plaintiff's Motion, NYSCEF Doc. No. 110 at 19). Plaintiffs argue that: there is no police report; the Passengers do not know each other and have conflicting testimony about their relationships, and the events before and after the accident; no emergency treatment was sought for the injuries and only went to no-fault clinics for "boilerplate treatment;" and Passengers received testing and scans which were not provided to Plaintiffs (*id.*, at 20).

Specifically, Plaintiff argues that the EUOs submitted as Plaintiff's Exhibits F, H, and I (NYSCEF Doc. Nos. 116, 118, 119) indicate that: the owner of the insured vehicle was unknown to the claimants; that Driver was known by several different names, including "Ruben," and "Rudy;" that the claimants did not know how the accident happened because all were looking at their cell phones; different accounts as to whether the police were called after the accident; and that some of the claimants did not discuss the results of their medical tests with their doctor.

153878/2024  INFINITY AUTO INSURANCE COMPANY vs. PEREZ, ELIDA MARIA ET AL        Page 5 of 6
Motion No.  002

5 of 9

[* 5]

Based on the foregoing, and based on Defendants' failure to submit an opposition to the present Motion, the Court grants Plaintiff's Motion for Summary Judgment, as there is sufficient evidence to find that the claimants' injuries did not arise out of the accident.

Accordingly, it is hereby

ORDERED that the matter is discontinued as against Defendant Pars Medical, P.C., pursuant to the attached Stipulation of Discontinuance, dated October 22, 2025 and filed under NYSCEF Doc. No. 106; and it is further

ORDERED that Plaintiff's Motion for Summary Judgment against Defendants Better Soon Rx Inc.; Caplet Pharmacy Inc.; EDX Medical Supply, Inc.; Global Surgery Center LLC; Imaging Center of Englewood, LLC; Jordan Fersel MD; Medex Supplies Inc; Midland Pharmacy Yonkers Corp.; and Rana United, Inc. is granted; and it is further

ORDERED that within 30 days of the entry of this order, Plaintiff Infinity Auto Insurance Company shall serve a copy of this order upon all parties, with notice of entry, and shall file such notice via NYSCEF; and it is further

ORDERED that the County Clerk is directed to enter judgment against Defendants Better Soon Rx Inc.; Caplet Pharmacy Inc.; EDX Medical Supply, Inc.; Global Surgery Center LLC; Imaging Center of Englewood, LLC; Jordan Fersel MD; Medex Supplies Inc; Midland Pharmacy Yonkers Corp.; and Rana United, Inc., accordingly.

The foregoing constitutes the decision and order of the Court.

| 3/16/2026 | | | | | |
|-----------|--|--|--|--|--|
| **DATE** | | | | HON. LESLIE A. STROTH | **J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|--|---|----------------------|--|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

153878/2024  INFINITY AUTO INSURANCE COMPANY vs. PEREZ, ELIDA MARIA ET AL
Motion No. 002

Page 6 of 6

6 of 9

[* 6]